# Dietrich's Appeal.
# Creamer's Appeal.

1. In order to continue the lien of a judgment, the sci. fa. to revive must correctly recite the original judgment and substantially identify it, as to parties, date, and amount.

2. A judgment was assigned to sixteen different persons, in various amounts. A., one of the assignees, issued a sci. fa. to revive the said judgment as to the amount of his interest therein. The original judgment was in the following form: The Bank *v.* G. W. Debt $28,120.72. The judgment recited in the writ was: The Bank for the use of A. *v.*

G. W. & P. K. B. assignee of G. W., terre tenant in possession. Debt $1,300.

   *Held*, that the original judgment was not correctly recited in the sci. fa., and that a judgment of revival based thereon did not revive the said original judgment, either in whole or in part.

3. Arrison *v.* Commonwealth, 1 Watts 374, and Peterson *v.* Lothrop, 10 Casey 223, distinguished from the present case.

4. Upon the distribution of a fund arising from the sale of real estate, a subsequent judgment creditor may show that a prior judgment has lost its lien by a failure to revive it in substantial conformity to the Act of Assembly.

5. *Quære*, whether, when a judgment has been assigned to several different persons, each owner of a part thereof, may have his separate sci. fa. to revive.

June 9th, 1884.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEALS from the Court of Common Pleas of *Dauphin county :* Of May Term, 1884, Nos. 8 and 9.

Appeals by Mary J. Dietrich and Catharine Creamer from a decree of said court, confirming the report of an Auditor appointed to make distribution of a fund in the hands of an assignee for the benefit of creditors arising from the sale of the assignor's real estate.

On September 30th, 1879, one George Winters made an assignment for the benefit of his creditors to Peter K. Boyd. The assignee's first and partial account was duly filed, an Auditor appointed to make distribution, the latter's report confirmed and moneys paid in pursuance thereof.  November 30th, 1882, the assignee's final account was filed, and the same was duly confirmed April 26th, 1883.  In this account he charged himself with the proceeds of the sale of Winter's real estate, made in pursuance of an alias order to sell, granted September 7th, 1882.

The court appointed LeRoy J. Wolf and F. M. Ott, Esquires, Auditors to distribute the fund arising from the sale of said real estate, before whom the following facts appeared : A judgment was entered in the Court of Common Pleas of Dauphin county, May 4, 1871, by the "State Bank *v.* George Winters, No. 145, August Term, 1877.  Debt, $28,120.72." On October 12th, 1878, a credit was entered on this judgment by the bank of $10,264, leaving a balance of $20,000, with interest from October 1st, 1878.  This balance was then assigned to sixteen different persons, in consideration of their surrendering up their certificates of deposit, the interest of each being set forth in the assignment.  Among others were Mary J. Dietrich, $1,300, and Catharine Creamer, $340.  On October 12th, 1878, the State Bank also entered another judg-

ment against Winters to No. 403, November Term, 1878, for $10,264.

Mrs. Dietrich issued a præcipe for a sci. fa. on May 2d, 1882, to revive the judgment to No. 145, August Term, 1877, to the extent of the sum due her therein. In this præcipe the case was entitled as follows: "The State Bank, for the use of Mary J. Dietrich *v.* George Winters and Peter K. Boyd, assignee of George Winters, terre tenant in possession. Debt $1,300."

The same day Mrs. Creamer also issued a præcipe for a sci. fa. to revive said judgment to the extent of her share therein, entitling the case in the same manner, but stating her debt to be $340. In both præcipes the plaintiffs admitted payment of certain sums received by them from the distribution under the assignee's first account. Writs of scire facias were duly issued and judgments of ·revival granted May 27th, 1872, for $1,229.18, and for $323.26, in favor of Mrs. Dietrich and Mrs. Creamer respectively.

They accordingly claimed before the Auditors that, having issued their sci. fas. in time and obtained judgments of revivals before the sale of Winters' real estate, said judgments were liens upon the real estate so sold, and should be paid out of the fund arising from said sale, in preference to other owners of portions of the $20,000 judgment, or to the State Bank on its judgment for $10,264, entered October 12th, 1878, and revived May 9th, 1883, in favor of James I. Chamberlin, assignee of said bank.

The bank and Chamberlin, on the other hand, contended that the entire judgment to No. 145, August Term, 1877, had lost its lien, that the attempts to revive portions of it were ineffectual, and therefore that the bank's judgment for $10,264, being next in order of priority, was entitled to the fund.

The Auditors found that no part of the original judgment had been revived by the sci. fas. issued by Mrs. Dietrich and Mrs. Creamer, because neither of said writs correctly recited the said original judgment. They accordingly filed a report awarding the money in their hands to Chamberlin on the bank's judgment for $10,264. Exceptions filed to this report were dismissed by the court, and a decree entered confirming the same. Whereupon Mary J. Dietrich and Catharine Creamer took these appeals, filing the following assignment of error:

" The court below erred in overruling the exceptions of the appellants to the Auditors' report, and in decreeing the fund in dispute, $7,141.38 to the appellee, James I. Chamberlin, assignee of the State Bank."

*F. K. Boas*, for appellants.—A scire facias may be issued
upon a judgment, as in this case, to enable any party inter-
ested, to recover on his share of the larger judgment: Arrison
*v.* Commonwealth, 1 Watts 374.   Where a sci. fa. is sued out
for the benefit of one having a limited interest in the judg-
ment, it is error to enter judgment thereon for the whole
amount of the original judgment: Peterson *v.* Lothrop, 10
Casey 223.    Informalities in a writ of scire facias to revive a
judgment, cannot be taken advantage of by a stranger to the
judgment: Dougherty's Estate, 9 W. & S. 189; Hauer's Ap-
peal, 5 W. & S. 473; Dickerson's Appeal, 7 Barr. 257; Thomp-
son's Appeal, 7 P. F. S. 175.   The bank, therefore, had no
standing to object.   The bank induced the appellants to sur-
render their certificates of deposit, and in consideration thereof
assigned them parts of the $28,120.72 judgment; and not
being a party in the writs of sci. fa. issued by the appellants,
the bank is estopped from contesting their regularity, and
from claiming any part of the fund bound by the assigned
judgment.

*Charles H. Bergner* (with whom was *Wallace De Witt*), for
appellee.—A scire facias sur judgment must follow the origi-
nal judgment in amount, date and parties, and a failure to
recite any one of these correctly is fatal: Richter *v.* Cum-
mings, 10 P. F. S. 443; Grenell *v.* Sharp, 4 Wharton 345;
Dougherty's Estate, 9 W. & S. 195; Arrison *v.* Commonwealth,
1 Watts 375, 380.   The sci. fas. and the original judgment in
this case vary in parties and amount.

Mr. Justice PAXSON delivered the opinion of the court,
October 6th, 1884.

The single assignment of error in this case is so wide a
departure from the rules of court that we would be justified
in dismissing the above appeals on that ground alone.   Waiv-
ing the irregularity, however, we will dispose of the question
presented as though error had been properly assigned.

If the judgment of the State Bank *v.* George Winters, No.
145, August Term, 1877, has been properly revived, either in
whole or in part, the decree below must be reversed.

The judgment was entered May 4th, 1877, for the sum of
$28,120.72.   On October 12th, 1878, a credit was entered on
said judgment of $10,264, and the balance, to wit, $20,000,
was assigned to sixteen persons, including the appellants, the
interest or proportion of each being set forth in the assign-
ment.   The interest of the appellant, Mary J. Dietrich, was
$1,300, and that of appellant, Catharine Creamer, $340.

The record being in this condition an attempt was made by

the appellants to revive the judgment to the extent of their respective interests. A separate writ of scire facias was issued in each case. The writs followed the præcipe, and neither writ nor præcipe correctly recites the judgment intended to be revived. This variance will be seen when it is stated that the original judgment was in favor of the State Bank *v.* George Winters, for the sum of $28,120.72. Whereas the judgment recited in the writ and præcipe of appellant Dietrich was the State Bank, for the use of Mary J. Dietrich *v.* George Winters and Peter K. Boyd, assignee of George Winters, terre tenant in possession, while the debt is stated to be, $1,300. The writ of appellant Creamer was in same form, the debt being stated at $340.

The authorities are clear that in order to continue the lien the original judgment must be correctly recited in the scire facias. It must substantially identify the original judgment as to parties, date and amount: Arrison *v.* The Commonwealth, 1 Watts 374; Richter *v.* Cummings, 10 P. F. S. 441. The variance between the original judgment and the writs of scire facias in this case is so marked that it would be fatal upon a plea of *nul tiel record.* The only part of the judgment that was correctly recited was the term and number.

The appellants rely upon Arrison *v.* The Commonwealth supra, and Peterson *v.* Lothrop, 10 Casey 223, to sustain them. We do not so understand those cases. Arrison *v.* The Commonwealth decided that where a bond was given by executors to the Commonwealth, in pursuance of an order of the Orphans' Court, conditioned for the faithful performance of their duties, and a judgment was obtained for the penalty of the bond by a legatee, any other legatee might sue out a separate scire facias on the judgment to recover his legacy. Peterson *v.* Lothrop decides that an equitable plaintiff may issue a scire facias upon the original judgment, claiming to recover his interest therein, and that in such case the judgment of revival should only be for the amount of his claim. But in that case the scire facias recited the original correctly, and the interest of the plaintiff was properly set forth. Such was not the case here. The interest of the appellants was not set out either in the præcipe or scire facias, and the judgment recited had no existence. Had the appellants followed Peterson *v.* Lothrop they would have been much nearer right. But that case does not decide, nor do we decide now, that where a judgment has been assigned to sixteen different persons, each owner of a part of the judgment may have his separate scire facias to revive. That might perhaps depend upon circumstances, especially upon the consent of the defendant, and the facts in

Peterson *v.* Lothrop did not require such a decision, nor do they in this case.

It was said, however, that the matters complained of are at most mere irregularities, which no one but the defendant can object to, and that, under the authority of Dougherty's Estate, 9 W. &. S. 189, the revival is good as against a stranger to the judgment. This would be so if the irregularities were mere matters of form. But they are not; they are matters of substance. The judgments against the defendant upon the writs of scire facias are good against him, but the lien thereon dates only from the time of their entry; the continuity is broken, and the lien of the original judgment is lost. It needs no argument to show that as against subsequent judgment creditors a judgment must be revived in substantial conformity to the Act of Assembly. If not so revived it is not revived at all; it drops out of the list of liens, and the next judgment takes its place: Hauer's Appeal, 5 W. & S. 473; Dickerson and Haven's Appeal, 7 Barr 255, and Thompson's Appeal, 7 P. F. S. 175, are not in conflict with this view. The doctrine that a judgment cannot be attacked collaterally is not disputed. This is a question of lien, and I know of no case which holds that upon distribution a subsequent judgment creditor may not show that a prior judgment has lost its lien by a failure to revive in substantial conformity to the Act of Assembly.

The position that the appellees are estopped from claiming the proceeds of the sale upon their judgment cannot be sustained. The most that can be said is that under their arrangement with appellants they permitted the former to have the first lien. There was no agreement that they were not to profit by the neglect of appellants to revive their judgment. The parties stood upon the record as any other judgment creditors; the appellants could preserve their priority of lien by due diligence; they could lose it by their neglect.

We need not discuss the question how far the proceedings are amendable. The appellants did not ask to amend below nor here. On the contrary, they allege that the scire facias was regular, and the judgment was properly revived. They claim to be paid in full, not only as against the appellees, but as against the other parties interested in the judgment. The object of their proceeding is palpable. They sought to revive a part only of the judgment; to the extent of their interest therein, which, if successful, would entitle them to be paid in full, instead of receiving a dividend with the others. It was perhaps ingenious, but like many other schemes to gain an undue advantage, has not been successful.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.