## White *v.* Harden et al.   Holmes's Appeal.

*Judgment—Scire facias—Revival of judgment—Terre tenant—Judgment docket—Practice, C. P.*

Where an amicable scire facias describes exactly the names of the parties, the term and number of the case, and the date and amount of the judgment as revived, the lien of the original judgment will be preserved, as against lands in the hands of a terre tenant, although the terre tenant in signing the amicable scire facias does not designate himself as terre tenant, and the entry in the judgment docket does not so designate him, but he is so designated in the caption of the case in the appearance docket and in the agreement for revival.

In 1881, White obtained judgment against S. B. and J. H. Harden. In 1884, S. B. Harden and J. H. Harden conveyed their land to John Harden. In 1886, the judgment was revived by an amicable scire facias. In the caption of the amicable scire facias S. B. Harden and J. H. Harden were named as defendants and John Harden as terre tenant. The amicable scire facias was signed and sealed by plaintiff, by both of the original defendants and by John Harden, but without the words terre tenant after the latter's name. The entry on the judgment docket set out the names of all three of the defendants, one following the other, with the term and number of the case after each of their names, with the same date of entry and the same amount for each, together with the fact that the proceeding was an amicable scire facias, but without naming any one as terre tenant. The caption of the case in the appearance docket designated John Harden as terre tenant. *Held,* that the lien of the original judgment against S. B. Harden and J. H. Harden was preserved by the revival as against them and John Harden, terre tenant.

Argued March 14, 1893.   Appeal, No. 21, Jan. T., 1893, by John Holmes from order of C. P. Bradford Co., Sept. T., 1886, No. 249, dismissing exceptions to auditor's report.   Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Distribution of proceeds of sheriff's sale of real estate.

The facts found by the auditor W. J. Young, Esq., were to the effect that in 1867 S. B. Harden and J. H. Harden acquired the real estate in question.   On June 16, 1881, C. E. White obtained judgment against them for $700.   On May 9, 1884, they conveyed the real estate to John Harden.   On June 2, 1886, the following am. sci. fa. was filed of record, the caption in the appearance docket being similar to this :

" C. E. White vs. S. B. Harden, J. H. Harden, defts., and John Harden, terre tenant.   In the court of common pleas of the county of Bradford, No. 326 September term, 1881.

" Amicable scire facias to revive judgment and continue lien. It is hereby agreed that an amicable action of scire facias be entered of record to revive judgment and continue lien in above case, to have the same force and effect as though scire facias had been regularly issued and returned served, and it is further agreed that judgment be entered thereon for the sum of five hundred twenty-six dollars and fifteen cents, with interest from June 1, 1886, hereby waiving stay of execution, the right of inquisition and exemption laws.

" Witness our hands and seals this 1st day of June, 1886.   

> " C. E. WHITE     [SEAL]
> " J. H. HARDEN     [SEAL]
> " S. B. HARDEN     [SEAL]
> " JOHN HARDEN     [SEAL] "

When the amicable revival was filed of record, the entries in the judgment docket were as follows, viz. :

" Harden, J. H.         C. E. White.      No. 249 Sept. T., 1886.
" Harden, John et al.      do.                  do.
" Harden, S. B., et al.      do.                  do."

with the usual entries of the date, amount and nature of lien, the latter being " am. sci. fa."

May 13, 1891, a sci. fa. was issued on this revived judgment to No. 91 Sept. T., 1891, upon which a verdict and judgment were subsequently obtained.   The sci. fa. recited a judgment obtained by C. E. White against " John Harden T. T.," inter alia.

John Holmes obtained a judgment against John Harden, Dec. 4, 1884, which was revived Dec. 9, 1889, to No. 84, Feb. T., 1890, one of the judgments presented for allowance before the auditor.

John Holmes also obtained another judgment against John Harden, Aug. 7, 1886, which was revived June 2, 1891, to No. 244, Sept. T., 1891, which judgment with others obtained subsequently were all presented for allowance out of the fund for distribution before the auditor.

Holmes claimed that the judgment of White had lost its lien and that his judgments should be preferred in the distribution.

The auditor reported as follows :

" [No rule of law that the auditor is aware of was violated in omitting to designate John Harden as ' terre tenant' on the judgment docket. The person searching the record would find the name of J. H. Harden, one of the original defendants, entered on the judgment docket, and John Harden not one of the original defendants entered immediately following, same number and term and same nature of case, viz. : am. sci. fa. A reference back to the appearance docket would furnish all the facts necessary to give actual notice to the continuance of the lien. John Harden's deed was recorded, whereby notice was given that he was in fact a terre tenant of the land bound by the lien of the judgment.] [1] [An amicable action of revival had been entered which in its caption designated him as terre tenant and he had signed said am. sci. fa. True he had not added ' terre tenant' or ' T. T.' after his name, but he was in fact a terre tenant and the record of his deed, as well as the designation in the caption of the am. sci. fa. and the caption also of the appearance docket entry disclosed this fact. The judgment docket entries are for notice but they are not the only means of acquiring notice.] [2] All the facts relating to a judgment are not and as a matter of necessity cannot be disclosed by the judgment docket. Releases, assignments, partial payments, rules and motions pending to open, strike off or satisfy judgment are not noted on the judgment docket. The entry on the judgment docket points to the appearance docket, where is found the formal entry of the judgment, with all the conditions or limitations as to the time of payment, stay of execution, etc., and all subsequent proceedings. [It seems to the

auditor idle to say that parties interested as purchasers, mortgagors or subsequent incumbrancers are to look to the judgment docket alone for all facts that may pertain to the judgment and stand arbitrarily on what that docket discloses.] [3]   A judgment for $10,000, as shown by the judgment docket, may be all paid but $10.00 as shown by the appearance docket, and so with other facts relating or that might relate to any given case. [Surely the entry of the judgment No. 249, Sept. T., 1886, on the judgment docket against John Harden as well as against S. B. Harden and J. H. Harden, was constructive notice to all lien creditors of the existence of this judgment and its revival against John Harden, who in fact was a ' terre tenant.'   It seems to the auditor that this view is borne out by the decision in Mellon's Ap., 96 Pa. 475.] [4]   [When John Holmes entered judgment No. 40, Feb. T., 1885, the judgment of C. E. White, No. 326 Sept T., 1881, against S. B. Harden and J. H. Harden appeared properly upon the records ; before any other judgments were entered against John Harden, this judgment appears properly revived against them, with John Harden's name added as a defendant therein, and was indexed in the judgment docket and noted at the entries of the original judgment.   The judgment was therefore revived within five years ' by agreement of the parties and terre tenant filed in writing and entered on the proper docket' as provided for by act of March 26, 1827, Purdon's Digest, 946, section 5.] [5]   [If now it can be maintained that there was an omission of a material nature in the revival of Mr. White's judgment, Mr. Holmes and other junior lien creditors may gain something, not by their diligence, but by the failure of John Harden to write ' terre tenant' or ' T. T.' after his name and to have the same so noted on the judgment docket.   Until some imperative mandate of the law is disclosed commanding this to be done, the auditor would be unwilling to decree that Mr. White must lose his debt or any portion of it.] [6]

" The auditor therefore finds as a matter of law that the judgment of C. E. White, No. 249 Sept. T., 1886, was a proper rival of judgment No. 326, Sept. T., 1891, and that said judgment was at the time of said sheriff's sale the first lien on the land sold."

John Holmes excepted to the findings of the auditor as above.

The court dismissed the exceptions and confirmed the report, in an opinion by PECK, P. J.

*Errors assigned* were (1–6) dismissal of exceptions, quoting them.

*Rodney A. Mercur, Ulysses Mercur* with him, for appellant. —The object of the docket is to furnish to later incumbrancers and purchasers a means of ready and certain information in regard to judgments against defendants: Coyne v. Souther, 61 Pa. 457; Fulton's Est., 51 Pa. 214; Bear v. Patterson, 3 W. & S. 237.

The effect of the judgment docket is simply to give notice to purchasers, subsequent incumbrancers and all others in interest: York Bank's Ap., 36 Pa. 461.

There is no allegation that John Holmes ever had any actual knowledge of the entry in the appearance docket or of the form of the am. sci. fa., at any time, either before the entries of his judgments, or afterwards.

The appellee should lose his judgment, not only because of his omission (for John Harden would have signed it in any manner requested) to exercise sufficient care in the form used by him in attempting to revive his judgment, but also because he failed to see that his judgment was properly entered on the judgment docket. This was his duty: Wood v. Reynolds, 7 W. & S. 406; Ridgway's Ap., 15 Pa. 181; Heil & Lauer's Ap., 40 Pa. 453; Hutchinson's Ap., 92 Pa. 186; Kistler v. Mosser, 140 Pa. 373.

Failure of appellee to see that his judgment was properly entered upon the judgment docket misled the appellant, for he looked to the judgment docket alone and was not bound to look beyond it: Crutcher v. Com., 6 Whart. 340: Mann's Ap., 1 Pa. 24; Commonwealth's Ap., 4 Pa. 165; Stephens's Exr's. Ap., 38 Pa. 15; Crouse v. Murphy, 140 Pa. 342; York Bank's Ap., 36 Pa. 461; Bear v. Patterson, 3 W. & S. 237.

Nor are papers in cases in a prothonotary's office notice to judgment creditors: Black v. Dobson, 11 S. & R. 94; McCleary's Ap., 1 W. & S. 299; Zimmerman v. Briggans, 5 Watts, 186; Ridgway's Ap., 15 Pa. 181; Heil's Ap., 40 Pa. 453; Wood v. Reynolds, 7 W. & S. 406; Hutchinson's Ap., 92 Pa. 186; Crouse v. Murphy, 140 Pa. 335; First Nat. Bank of Northumberland, 100 Pa. 428; Crutcher v. Com., 6 Whart. 340.

Mellon's Appeal does not rule this case; Edwards's Appeal

has been virtually overruled in Second Nat. Bank of Titus-ville's Ap., 85 Pa. 528.

The authorities are uniform that a sci. fa. sur judgment must follow the original judgment in amount, date and parties : Gre-nell v. Sharp, 4 Whart. 344.

A sci. fa. which does not properly recite the original judg-ment will not continue its lien, although after the first five years have elapsed the court permit the sci. fa. to be amended so as to recite it properly : Arrison v. Com., 1 Watts, 374 ; Brotherline v. Mallory, 8 Watts, 138 ; Duffey v. Houtz, 105 Pa. 96 ; Dietrick's Ap., 107 Pa. 174; Worman's Ap., 110 Pa. 25.

*Wm. Maxwell,* for appellee, not heard, cited : Mellon's Ap., 96 Pa. 475 ; Armstrong's Ap., 5 W. & S. 352; Clippinger v. Miller, 1 P. & W. 71 ; Dohner's Assignee, 1 Pa. 104 ; Geiger v. Hill, 1 Pa. 511 ; Day v. Willy, 3 Brewster, 43 ; Dietrick's Ap., 107 Pa. 174 ; Beshler's Estate, 129 Pa. 268; Edwards's Ap., 66 Pa. 89 ; Thompson's Ap., 126 Pa. 434.

PER CURIAM, April 10, 1893 :

We are clearly of opinion that the lien of the original judg-ment against S. B. Harden and J. H. Harden was preserved by the revival as against them and John Harden, terre tenant. The amicable scire facias described exactly the names of the parties, the term and number of the case, and the date and amount of the judgment as revived, and this is all that is required by the act. The entry on the judgment docket sets out the names of all three of the defendants, one following the other and all be-ing defendants in the same judgment, No. 249, Sept. T., 1886, the same date of entry and the same amount for each, together with the fact that the proceeding was an am. sci. fa.

One of these defendants was John Harden, the same person against whom the appellant's lien is claimed. By referring to the amicable sci. fa. upon which the judgment was revived, it appears that John Harden is there described as " terre tenant" in the caption of the case which names the parties, and the amicable sci. fa., with confession of judgment contained there-in, is signed and sealed by the plaintiff, by both of the original defendants and by John Harden. The necessary legal meaning of all this is that John Harden confesses judgment for $526.15,

in favor of C. E. White in a proceeding to revive a prior judgment, against him as terre tenant, and the other two parties as original defendants.   If any authority is needed to sustain the lien of a judgment thus revived, it is found both in Mellon's Appeal, 96 Pa. 475, and Dietrich's Appeal, 107 Pa. 174.

Judgment affirmed.