## Geo. E. Ernst's Estate.    W. D. E. Hayes's Appeal.

*Judgment—Assignments—Revival of judgment—Parties— Surplusage —Several owners—Notice—Assessment of damages—Practice, C. P.*

The assignees of different portions of a judgment can only recover or collect the judgment on the original plaintiff's title and in his name.

If the sci. fa. to revive recites the names of the legal plaintiff and defendant, the number and term of the judgment, its date and amount, the renewal is valid, although the names of the use plaintiffs are recited in the writ. Such recital is mere surplusage.

When portions of a judgment are assigned to different parties, any one of them has a right to use the name of the legal plaintiff to revive it, and when the writ is issued by one, it is for the benefit of all. Assignments appearing on the record are notice to subsequent judgment creditors.

Where one of several assignees of portions of a judgment has issued a sci. fa. to revive, another of the assignees may assess his damages under the writ thus issued without issuing a separate writ.

Argued April 24, 1894.    Appeal, No. 85, Jan. T., 1894, by a creditor, from order of C. P. Cumberland Co., overruling exceptions to auditor's report, distributing assigned estate. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to report of Conrad Hambleton, Esq., auditor, to distribute assigned estate. Before SADLER, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was dismissal of exception to auditor's report disallowing appellant's claim, quoting it.

*E. W. Biddle*, for appellant.—It is not necessary that the names of equitable plaintiffs should appear upon the record : Reigart v. Ellmaker, 6 S. & R. 42 ; Armstrong v. Lancaster, 5 Watts, 68 ; M'Kinney v. Mehaffey, 7 W. & S. 276 ; Beale v. Com., 7 Watts, 183 ; Com. v. Lightner, 9 W. & S. 117 ; Com. v. Shuman's Admrs., 18 Pa. 343 ; R. R. v. Wilcox, 48 Pa. 161 ; 17 A. & E. Ency. L. 512.

In Dietrich's Ap., 107 Pa. 174, the amount named in the writ was not the correct amount, but the amount due one assignee. A judgment on that writ would have precluded a recovery by the other use plaintiffs.

It is said in Fogelsville L. & B. Assn.'s Ap., 89 Pa. 293, that the judgment of revival points the subsequent purchaser or incumbrancer directly to the original judgment where the amount corresponds exactly with that stated in the writ.

In Worman's Ap., 110 Pa. 25, the writ did not give the term and number of the original judgment.

*J. M. Weakley*, for appellee.—The præcipe and writ claim that Highlands and Coffey were the sole owners of the judgment when the writ was issued. This was not the fact. Hayes was the owner of a portion of it. If judgment had been entered by default against Ernst for the whole amount and Ernst's property had been sold on such judgment and the money appropriated, Hayes could not have made a claim upon after-acquired property of defendant by such an additional judgment revival as was entered in this case.

A recital which tends to lead any one into error is inaccurate. The present scire facias has led appellee into error and serious loss unless the decision of the lower court is sustained : Detrich's Ap., 107 Pa. 174.

OPINION BY MR. JUSTICE FELL, Oct. 1, 1894 :

On April 1, 1886, judgment was entered by confession in favor of G. K. Rebuck, adm., against Geo. E. Ernst for $4,500. In 1887 the plaintiff assigned $1,000 of this judgment to Alexander Highlands, and in 1888 he assigned the remaining $3,500

to W. D. E. Hayes. On Dec. 17, 1890, Hayes assigned to Wm. A. Coffey, adm., $3,140 of the judgment, retaining the balance of his interest, $360.

On March 31, 1891, a sci. fa. to revive the judgment was issued. It was entitled "G. K. Rebuck, adm., etc., now to the use of Wm. A. Highlands, adm., etc. and Wm. A. Coffey, adm., etc. v. G. E. Ernst." On the next day the defendant paid to Highlands the amount of his interest in the judgment, and confessed judgment on the sci. fa. to Coffey for the amount due him, $3,140.

This left outstanding and unprovided for the amount due Hayes, who, on Oct. 19, 1891, caused judgment to be entered by default against G. E. Ernst for $540.74 on a præcipe entitled "G. K. Rebuck, adm., etc. for use of W. D. E. Hayes v. G. E. Ernst," and to the number and term and under the sci. fa. to revive issued March 31, 1891. In the meantime, on April 6, 1892, Wm. Brandt obtained judgment for $1,334 against Ernst, who, on Aug. 5, 1892, made an assignment for the benefit of his creditors.

The assignee for the benefit of creditors paid the judgment for $3,140, and the contest for the balance of the fund for distribution was between Wm. Brandt and W. D. E. Hayes. The learned auditor held that the judgment of the former had priority of lien, and awarded the balance to him. The award of the auditor was sustained by the learned judge of the common pleas, who considered the question involved as governed by Dietrich's Appeal, 107 Pa. 174. This award was based upon the conclusion that the portion of the original judgment which was owned by Hayes, and as to which a judgment of revival was entered on Oct. 19, 1891, had lost its lien upon the land of the defendant for the reason that the revival was not in substantial conformity with the act of assembly.

In Dietrich's Appeal, supra, a judgment for $20,000 had been assigned to sixteen persons. Two of the assignees attempted by separate writs to revive the judgment to the extent of their separate interests. The amount of the original judgment was not correctly recited in either writ, being stated in one as $1,300 and in the other as $340. It was held that there was not a substantial identification of the judgment sought to be revived, as the amount recited in the writ did not corres-

pond with that in the judgment, and that it was in violation of
the rule that a sci. fa. to revive must substantially identify the
original judgment as to parties, dates and amounts.

The judgment in this case originally stood upon the record
G. K. Rebuck v. Geo. E. Ernst.    The plaintiff parted with
his entire interest by assignment, and at the time the sci. fa.
was issued to revive it, the equitable title was in three persons
who held unequal shares.    The legal plaintiff however held
the title, and in his name only could recovery be had, though
for the benefit or use of the equitable plaintiffs.    Their names
were not upon the record as parties to the judgment, but as
assignees of the plaintiff's interest; and they could revive or
collect the judgment only on his title and in his name: Reigart
v. Ellmaker, 6 S. & R. 44; Armstrong v. City of Lancaster,
5 Watts, 68; M'Kinney v. Mahaffey, 7 W. & S. 276; Com. v.
Shuman, 18 Pa. 343; R. R. Co. v. Wilcox, 48 Pa. 161.

The sci. fa. recited the names of the legal plaintiff and de-
fendant, the number and term of the judgment, its date and
amount.    This was an accurate recital of the record, and clearly
and unmistakably identified the judgment as to the parties, date
and amount.    The recital in the writ of the names of the use
plaintiffs was mere surplusage.    They were no part of the rec-
ord, and might change from time to time as the interests in the
judgment were transferred.

This case is not governed by Dietrich's Appeal.    There the
judgment was not properly revived, for the reason that it was
not correctly recited in the writ; here the judgment was cor-
rectly recited, the addition of the names of the use plaintiffs
being immaterial under all the authorities, and its revival was
regular.

The writ recited the amount of the judgment as $4,500 and
it should be considered as issued for the benefit of all parties
in interest.    The docket showed the real interest of each of the
equitable plaintiffs.    It appeared from it that after the writ is-
sued $1,000 had been paid to Highlands and his interest extin-
guished; that judgment had been confessed to Coffey for $3,140
and that the interest of Hayes was unpaid.    An examination
of the docket when Brandt's judgment was entered would have
disclosed this, and of it he was bound to take notice.

When portions of a judgment are assigned to different par-

ties, any one of them has a right to use the name of the legal plaintiff to revive it, and when the writ is issued by one it is for the benefit of all. Where the interests appear as they did in this case, the record is notice to subsequent judgment creditors.

There would have been no difficulty in the case if judgment of revival had been entered for the whole amount due instead of for $3,140, the amount of Coffey's interest; and that would have been the better practice and conserved the rights of all the use plaintiffs. Hayes was left to the alternative of issuing a separate writ, which would have been a mere duplicate, or of assessing his damages under the writ already issued.

The course he pursued was no hardship to the defendant, as it relieved him from additional costs, and he knew when he confessed judgment to Coffey that the balance of the debt was outstanding and unpaid. He would not be permitted to take advantage of this, and if he cannot, a subsequent judgment creditor, who is a mere volunteer, should not be allowed to do so.

We are therefore of opinion that so much of the fund as was necessary to pay the appellant's judgment should have been awarded to him. The decree is reversed at the cost of the appellee, and the record is remitted in order that distribution may be made in accordance with this opinion.