# Commonwealth *v.* Litvitz.

*Attachment act of* 1869—*Dissolution of attachment—Suit on bond—Prior execution.*

Where an attachment under the act of 1869 is dissolved upon bond filed, judgment being obtained on the attachment, on a suit to recover upon the bond, the defense cannot set up that the creditor gained nothing by the attachment of the debtor's property and lost nothing by its dissolution and that the debtor gained nothing by the dissolution, because the goods at the time of the attachment were in the custody of the sheriff under levy upon prior execution under which they were sold. The defendant by giving the bond got all the benefit, which, under the law, could accrue to her from the act, namely, the release of her goods from the attachment, and the attaching creditor lost his standing on distribution of proceeds of sale of debtor's property to contest the right of the execution creditor to take the money.

Argued April 26, 1900. Appeal, No. 131, April T., 1900, by defendants, in suit of commonwealth of Pennsylvania, for use of M. Michel against Lizzie Litvitz and Isaac Gelder, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1900, No. 161, in favor of plaintiff, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by RICE, P. J.

Assumpsit. Before the court in banc.

It appears from the record that the plaintiff's claim is for $248.24, with interest from November 3, 1897, founded upon a bond in the penal sum of $500, executed by the appellants and approved by the court, of date November 8, 1897, given to secure the dissolution of an attachment issued by the appellee against the appellant, Litvitz, under the provisions of the act of March 17, 1869, pursuant to which said attachment was dissolved, and the proceeding was subsequently carried on to judgment against said Litvitz for $248.24, with interest from November 3, 1897.; and the action on the bond, is to recover the amount of said debt and costs from said Litvitz and the appellant, Gelder, who is her surety on said bond.

The appellant filed an affidavit of defense, alleging that prior to said attachment the goods attached had been levied under an execution issued from a prior judgment, and were in the

custody of the sheriff when said attachment was issued and when it was dissolved, and the same were sold by the sheriff and the proceeds applied to said execution, said goods having remained in his custody after the aforesaid bond was given, and no part thereof, or the proceeds of the sale thereof, ever came to the hands of either of the appellants after said attachment was dissolved, wherefore it became and was impossible for appellants to surrender said goods to meet the judgment obtained by the appellee in said attachment proceeding, and therefore the condition of the bond requiring the payment of said debt and costs never became operative.

The appellee entered a rule for judgment for want of a sufficient affidavit of defense, which rule was made absolute, and judgment entered accordingly, no opinion having been filed by the court.

Judgment for plaintiff for $500 to be released upon payment of $294.93.  Defendants appealed.

*Error assigned* was entry of judgment.

*D. F. Patterson*, with him *J. M. Friedman*, for appellants.— The purpose of an attachment proceeding under the Act of March 17, 1869, P. L. 8, is to seize property in advance of a judgment against its owner, so that it may be forthcoming to be taken in execution when judgment is obtained; and it is not its purpose to compel a debtor to furnish security which the creditors did not see fit to exact when the debt was created.

In this case the creditor gained nothing by the attachment of the property, and lost nothing by the dissolution of the attachment, nor did the debtor gain anything by the dissolution. While the property was nominally released from the attachment, it was not released from the custody of the law, and was not returned to the control of the debtor.

It was entirely beyond her power to produce any of the property for the satisfaction in whole, or in part, of a judgment subsequently obtained.  It was all gone by reason of judicial proceedings over which she had no control and without any fault on her part.

Where a condition of a bond is impossible to be performed, without any fault of the obligor, it cannot be enforced for the penalty: Scully v. Kirkpatrick, 79 Pa. 324.

The attachment was clearly subject to the prior levy, and in no event could it have been available beyond the remnant of goods left after the prior execution had been satisfied. The act of 1869 provides for priorities among attachments, and of course none of them can take precedence of a prior judgment from which execution has issued and levy been made upon the identical goods subsequently covered by attachment. It follows that the consideration of this bond failed entirely. The appellee lost nothing by the dissolution of the attachment for he would have received nothing if the attachment had not been dissolved, and the act of 1869 was not intended to give him a security beyond the attached property of the debtor, subject to such liens as preceded his attachment.

*Jos. Stadtfeld,* for appellee.—The liability of the defendants must be ascertained from within the four corners of the bond. They contracted to do one of two things, either to pay the debt or surrender the property.

The attachment was issued by the plaintiff against Lizzie Litvitz for the purpose of acquiring a standing to attack the validity of a judgment entered by confession against her, and which the plaintiff in the attachment believed to be fraudulent and confessed for the purpose of defrauding him and other bona fide creditors.

The bond was the voluntary obligation of the defendants, and by its means the status of the plaintiff was entirely changed. By the entry of the bond and dissolution of the attachment the defendant destroyed the only standing which the plaintiff had to contest the validity of the judgment entered against her, and thereby succeeded in effecting a sheriff's sale of her property without interference by the attaching creditor.

It would be perversive of the very purpose of the fraudulent debtor's act to permit her now to set up her own fraud in relief of a recovery on the bond.

The filing of the bond and dissolution of the attachment released the goods and substituted the bond therefor: Gibbs v. Bartlett, 2 W. & S. 29.

The bond operates as a substitute for the property: Stewart v. Wolf, 7 Atl. Repr. 165.

The case of Scully v. Kirkpatrick, 79 Pa. 324, cited by

appellants, does not support their position. It decided only that where the condition of a bond becomes impossible of performance by an act of God that the obligation is discharged.

OPINION BY RICE, P. J., July 26, 1900:

It is urged that the creditor gained nothing by the attachment of the debtor's property and lost nothing by the dissolution of it; nor did the debtor gain anything by the dissolution. Whether or not the debtor gained anything in the end by the dissolution we cannot say; but it is very evident that she had some purpose to serve in giving a bond, and that she got all the benefit, which, under the law, could accrue to her from that act, namely, the release of her goods from the attachment. Nor is the other branch of the appellant's proposition sound. The attachment gave the creditor standing on distribution of the proceeds of the sale of the debtor's property to contest the right of the execution creditor to take the money. In order to recover on the bond it was not necessary for him to show that he could have successfully attacked the prior. execution. The point is that his legal right to be heard on the distribution was taken away by the dissolution of the attachment. He could no longer look to the goods or to the fund realized by their sale but must look only to the bond.

The condition of the bond was that the defendants would surrender the property or pay the debt if judgment should be obtained in the attachment. Judgment having been obtained, they cannot set up the sale of the goods upon a prior execution as a reason why they should be released from their obligation. They provided against that contingency by the alternative condition of the bond. The contention that they were discharged from liability because performance of the conditions of the bond was rendered impossible without fault on their part, cannot be sustained.

Judgment affirmed.