# Hershey *v.* McLaughlin.

*Replevin—Bond—Set-off—Pending suit.*

On the trial of the scire facias on a replevin bond, given voluntarily and containing a clause to confess judgment, an offer to prove that the defendant had a pending suit against the plaintiff in another forum is properly rejected, where there is no record of any judgment accompanying the offer, and it is admitted that there is not a judgment or adjudication in defendant's favor.

On the trial of the scire facias on a replevin bond an offer to prove that the defendant tendered a replevin bond, which the sheriff refused to accept, and refused to execute the writ, unless a bond with surety was given containing a clause authorizing a confession of judgment, which bond was not required by any rule of court, is properly rejected where it appears that the defendants gave the bond in suit which contained the clause demanded, and there is nothing in the record to show that it was not voluntarily given.

Argued Nov. 15, 1900. Appeal, No. 84, Feb. T., 1900, by defendants, from judgment of C. P. Lancaster Co., Aug. T., 1897, No. 97, on verdict for plaintiff, in case of A. H. Hershey, for use of Howard H. Walker v. J. F. McLaughlin and Ellis Brown. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias to ascertain amount due on a judgment entered on a replevin bond containing a clause authorizing entry of judgment: Before LIVINGSTON, P. J.

From the record it appeared that the property replevied was a horse, and that the bond on which suit was brought contained a clause authorizing confession of judgment.

Defendants offered to prove, as a set-off, that Howard Walker bought the horse spoken of in suit, and which is the basis thereof, on March 16, 1894, from Franklin Smith, and said Howard Walker gave his note with said J. F. McLaughlin as bail, dated March 16, 1894, payable eight months after date, for $92.00, in the Farmers National Bank of Oxford; that said Franklin Smith had the note discounted or collected at the bank, and said Howard Walker never paid anything on account of said note, but neglected and refused to pay anything on account of it; that said J. F. McLaughlin, when the note

was due and before the action in replevin was instituted and before the commencement of this suit, paid said note and obtained it from the bank with his own money.

Objected to by the plaintiff.

The Court: All this having taken place prior to the judgment in the replevin suit is disallowed and defendant excepts. [1]

Defendants offered to prove by D. F. Magee, Esq., as a witness, that he offered a replevin bond, with said J. F. McLaughlin and Ellis Brown, defendants, as principal and surety, duly executed, which the sheriff, A. H. Hershey, Esq., refused to accept, and refused to execute the writ unless bond with surety was given with a clause with confession of judgment, when defendants furnished the bond in suit. This to be followed with proof that the form of replevin bond is not fixed by any rule of court.

Objected to by plaintiff. Disallowed. Defendants except. [2]

Plaintiff offered in evidence the judgment entered in this bond to April term, 1897, No. 379.

Objected to by defendants because it is not such a judgment as recognized by the law. The sheriff is only authorized to take a replevin bond under the act of assembly. This has a clause of judgment by confession, which is not ordered by any rule of court or act of assembly. Admitted. Defendants except. [3]

Verdict and judgment for plaintiff for $94.25. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions.

*D. F. Magee* and *B. F. Davis*, for appellants.—A scire facias in the form and for the purpose used in the case at bar is an original action: 2 Troubat & Haly's Practice, p. 283, sec. 1916.

A defendant may plead to a scire facias and make as full a defense as he could upon a summons: Allen v. Reesor, 16 S. & R. 10; Hunt v. Gilmore, 59 Pa. 450; Plunkett v. Sauer, 101 Pa. 356; Hibert v. Lang, 165 Pa. 439; Gunn v. Dickey, 14 W. N. C. 274; Balsley v. Hoffman, 13 Pa. 602; Halfpenny

v. Bell, 82 Pa. 128 ; Nixon v. McCrory, 101 Pa. 289 ; Gunn v.
Dickey, 14 W. N. C. 274 ; Filbert v. Hawk, 8 Watts, 443.

The sheriff had no right to demand the bond in suit : Diller
v. Wetzler, 10 Lancaster Bar, 9 ; Clark v. Morss, 142 Pa. 311.

*W. U. Hensel,* for appellee.—One of the defendants on a scire
facias upon a judgment cannot set off a note upon which he
had brought suit in another county, which suit is pending and
untried : Clark v. Morss, 142 Pa. 311.

A set-off cannot be pleaded in tort : Macky v. Dillinger, 73
Pa. 85 ; Moyer v. Loeb, 3 W. N. C. 95 ; Gogel v. Jacoby, 5 S.
& R. 116 ; Brotherton v. Haslet, 5 S. & R. 334.

The surety in a replevin bond is answerable to the extent of
the penalty for the value of the property, and also for the dam-
ages and costs.    The value of the property, as set out in the re-
plevin, is prima facie the measure of damages in an action on
the bond, subject, however, to correction by parol evidence :
Balsley v. Hoffman, 13 Pa. 602; 2 Brewster's Practice, pp.
929, 930, 931, 932 ; Com. v. Litvitz, 14 Pa. Superior Ct. 278 ;
Gibbs v. Bartlett, 2 W. & S. 29 ; Stewart v. Wolf, 7 Atl. Repr.
165.

OPINION BY ORLADY, J., May 23, 1901 :

The effect of the condition in the replevin bond given by
McLaughlin was that he should prosecute his suit with effect
and without delay ; and in the event of that trial being adverse
to him, then to pay the damages assessed as the value of the
property affected by the writ : Commonwealth v. Litvitz, 14 Pa.
Superior Ct. 278.   When he abandoned his claim on the trial
of the action of replevin and suffered a voluntary nonsuit, it
was a judgment against him, that determined the title of the
property to be in Walker.   On the trial of the scire facias on
his replevin bond, the offer to prove that he had a pending
suit against Walker in another forum was properly rejected by
the court, there being no record of any judgment accompanying
the offer and it being admitted that there was not a judgment
or adjudication in his favor.   While the judgment on the re-
plevin bond was cautionary only (Clark v. Morse, 142 Pa. 311),
it was nevertheless a valid judgment, founded upon a voluntary
confession.   The scire facias thereon was to liquidate the

amount due by the defendants. The offered set-off was not of the same nature or grade of security as the judgment. No principle of set-off would embrace such an uncertain claim, which, as far as was apparent, might ultimately be decided in the Chester county courts against the party seeking to use it as a set-off: Good v. Good, 5 Watts, 116; Penna. R. R. Co. v. Davenport, 154 Pa. 111.

The defendants offered to prove that he tendered a replevin bond, which the sheriff refused to accept, and refused to execute the writ unless a bond with surety was given containing a clause authorizing a confession of judgment, which bond was not required by any rule of court. This evidence was properly rejected since the defendants gave the bond in suit and there is nothing in this record to show that it was not voluntarily given. Neither the liability, nor duty of the sheriff, nor the validity of the bond can be questioned when it is voluntarily given. They could have refused to give the bond demanded by the sheriff and determined that officer's liability in an action against him. The real purpose of the bond is to indemnify the sheriff, and whatever form of security is intelligently and freely agreed upon by the parties is binding upon them: Clark v. Morss, 142 Pa. 311.

The assignments of error are overruled, and the judgment is affirmed.