## Hanna *versus* Phillips.

1g 253|
168 570|

1. In ejectment by a vendee against a vendor, to compel specific performance of a contract for the sale of land, misrepresentation or fraud will prevent a recovery; and it is for the jury to say, whether the contract was entered into under the influence of misrepresentation, and whether the defendant was in such a condition, owing to drinking, as to be incapable of giving deliberate consent to the contract, so as to render it fraudulent on the part of the plaintiff.

2. In an action by a vendee against a vendor, to compel the specific performance of a contract for the sale of land, the plaintiff cannot recover, if the defendant is a married man, and the wife is dissatisfied with the contract, and refuses to sign the deed.

3. Where the land is contracted for, at so much per acre, the purchase-money to be paid in instalments, which are to be secured by bond and mortgage, the deeds under which defendant held the land are competent *prima facie* evidence of the number of acres, to show that the bonds and mortgages, tendered in pursuance of the contract, were for the proper amounts.

4. Where the plaintiff tenders to defendant, the amount of the first instalment in gold, accompanied with the bonds and mortgages, and the defendant refuses to take them, it is a sufficient tender of the latter, although the defendant does not examine them, to see that they are correct.

5. Evidence offered, to show that plaintiff had cut timber on part of the tract under the contract, is relevant.

6. Where evidence has been given by the defendant, to show dissatisfaction of his wife with the contract, it is competent for the plaintiff to show, that the defendant and his alleged wife were never legally married.

7. The damages recovered as mesne profits, must be limited by the annual rent, or some other definite standard; it is error to charge that the jury may give such extra damages as they may think the particular circumstances of the case demand.

ERROR to the Court of Common Pleas of *Chester county*.

This was ejectment by the vendee against the vendor, to compel the specific performance of articles of agreement, for the sale of land. The defence set up was, the defendant's being in such a state of intoxication, at the time of the execution of the contract, as to render him incapable of assent—misrepresentation on the part of the plaintiff, as to the terms and effect of the written agreement—and dissatisfaction of the wife of defendant, and her refusal to sign the deed.

Hanna, on the 29th December, 1853, executed a written article of agreement, to convey his farm, "containing about one hundred acres," to Phillips, on or before April 1, 1854, with liberty for Phillips "to enter upon the premises after executing this article, to improve, lime, quarry, and remove stones, and clearing the field south of the railroad." The price was to be $60 per acre: $50 to be paid on signing the article; $2000 on the 1st April, 1854, on delivery of the deed; $1000 on the 1st April, 1855; $1000 on the 1st April, 1856; $1000 on the 1st April, 1857; and $———, the balance thereof, on the 1st April, 1858, with interest at five per cent.; said payments to be secured by bond and mortgage on the premises.

The evidence on the trial, as to the sobriety of Hanna, at the time he executed the article, and as to misrepresentation by Phillips, was conflicting. The $50 was paid at the time of signing the article, but some time afterwards was returned by Hanna.

To show the contents of the farm, plaintiff offered in evidence, the records of three deeds to Hanna, embracing, together, ninety-seven acres and one hundred and seven perches, to be followed by evidence that they covered the tract described in the writ.

[Hanna *v.* Phillips.]

To the admission of this evidence, the defendant objected; the court overruled the objection, and defendant excepted.

The plaintiff then showed that he had, on the 1st April, 1854, tendered to Hanna, $2000 in gold, with certain bonds and mortgages, in fulfilment of his agreement, but that Hanna refused to receive both the money and his securities. Plaintiff then offered in evidence, the bonds and mortgages, to which the defendant objected; but the court overruled the objection, and defendant excepted.

The plaintiff offered to show that he had entered upon the land, and cut timber upon the field south of the railroad, under the article; to which offer the defendant objected, but the court admitted the evidence, and defendant excepted.

The defendant offered to prove that his wife was dissatisfied with the contract, to which the plaintiff objected. The court sustained the objection on the ground that the evidence was irrelevant, and defendant excepted. The fact, however, that the wife was dissatisfied, was developed in the further progress of defendant's case.

The plaintiff, in rebuttal, offered to prove by the declarations of defendant himself,—by the reputation of the neighborhood, and by his conveyance not signed by any wife, that the defendant was not a married man. Defendant objected, but the court overruled the objection, and defendant excepted.

The court, HAINES, P., charged the jury as follows:—" The enforcement of a contract for the sale of land is not of right, but of grace, and where any well-grounded suspicion that all was not fair rests upon the bargain, the plaintiff is not entitled to recover in an action of ejectment for specific performance. The court will give no relief to a party who has been guilty of any fraud or misrepresentation; his conduct must be free from all imputation. It is laid down as law, that misrepresentation, operating to a certain, though small extent, disqualifies a party practising it from calling for the aid of a court of equity, where he must come down, as it is said, with clean hands. There is no authority anywhere,—no case where the court has, when misrepresentation was the ground of the contract, decreed the specific performance of it. A vendee, plaintiff, having tendered the purchase-money, or a part of the purchase-money, and the proper securities for the payment of the balance, according to the terms of the contract, and having brought the same into court upon the trial, is entitled to the specific performance of the contract; but this proposition must be controlled by circumstances such as I have noticed, and such as will be noticed immediately. If the jury believe that Hanna did not agree to all the terms of the contract, but was induced to sign the article by the promise of Phillips, that he would make it all right at another time, the

[Hanna *v.* Phillips.]

plaintiff is not entitled to recover in this action. If the jury believe that the written article does not contain the actual agreement of the parties, and that terms and stipulations therein contained were not assented to by Hanna, the plaintiff is not entitled to recover. But, whether Hanna did or did not agree to the terms of the contract; whether he was, or was not induced to sign the article by the promise of Phillips that he would make all right; whether the article contains or does not contain the actual agreement, are questions of fact which the jury will determine from the whole evidence in the case. So, also, if the jury believe that Hanna's reason and judgment were clouded by drunkenness at the time the article was signed, so that he was incapable of giving deliberate consent to all its terms, the plaintiff is not entitled to recover in this action; but in judging of the events which took place at the execution of the article, you will recollect the conduct of the parties as well before that day, as afterwards, and at the time; you will weigh well the position of the witnesses, their credibility, and their opportunities of seeing and understanding what took place. All these belong to the transaction, and are for your consideration.

" During the trial, plaintiff introduced evidence to prove the defendant to be an unmarried man. This was with a view to counteract the effect of testimony offered by defendant that his wife was dissatisfied, and declared she would not sign the deed. If the jury believe from the evidence that Hanna, the vendor, is unmarried, then the question as to whether a verdict for the plaintiff, in such a case as this, does or does not bar the dower of the wife of a vendor, defendant has nothing to do with the present case. I say further, that reputation and cohabitation are sufficient evidence in civil cases, of marriage; and the fact whether the plaintiff is or is not a married man, is a question for the jury from the evidence in the case. If they believe he is a married man, then I lay down the principle, if in addition they are satisfied that the wife refuses to sign the deed, that the plaintiff is not entitled to recover.

" If even the contract were fair in all its parts, and unexceptionable as to the mode of its being procured, still it is necessary that the plaintiff, to entitle him to recover, shall have proved that he tendered not only the bonds and $2000, but a mortgage also for the unpaid purchase-money; one witness, however, spoke of the mortgage, and there is some evidence for the jury of the tender of the mortgage along with the other papers.

" Mesne profits may be recovered in ejectment, to be computed from the institution of the suit to the rendition of the verdict; and the jury are not confined in their verdict to the mere rent of the premises, but may give such extra damages as they may think the particular circumstances of the case demands."

[Sharpless and wife *v.* The Borough of West Chester.]

The jury found a verdict for the plaintiff, and assessed the damages at $450.

The admission of the evidence and the charge of the court were assigned for error.

*Lewis* and *Pennypacker*, for plaintiff in error.

*Darlington*, for defendant in error.

Opinion.

PER CURIAM.—Many of the errors here assigned, proceed upon the erroneous supposition that a written contract for the conveyance of land is subject to the same rules, when sought to be enforced, as a verbal contract is, though the latter is forbidden by the Statute of Frauds. We have carefully considered all the points of this case, and are of opinion that it was rightly tried in all respects, except in allowing the plaintiff below to recover damages for mesne profit, not limited by the annual rent, nor by any other definite standard. But as the plaintiff is willing to remit $150 of the damages, so as to limit them to the rent paid, we are not required to send the case back for a new trial.

The judgment is affirmed, so far as relates to the recovery of the land; and the assessment of the damages is corrected, and it is considered and adjudged that the plaintiff, John Phillips, recover of the defendant, Abraham Hanna, the sum of $300 damages, with interest, from the date of the original judgment and costs.