# Slutter et al. *versus* Kirkendall, Sheriff, to use of Brown et al.

1. Where, after a levy on personal property under an execution, the judgment is opened by the court to let the defendant into a defence, " all proceedings to be stayed, the sheriff to be secure in his levy," and a bond is given by defendant to the sheriff conditioned for the delivery of the property on demand, or for the payment of the amount of the execution, the lien of said levy is preserved as against a subsequent levy on the same property under another execution.

2. In such case the condition of the bond is not fulfilled by a compulsory delivery of the property to the sheriff, under the second levy.

3. Where, however, in an action on the bond by the sheriff, to use of the first execution creditor, the defendant offered to prove that at a sheriff's sale of the property under the second execution, it was purchased by and delivered to the first execution creditor, and that the sheriff, after retaining the proceeds of sale for several months, paid the same to the second execution creditor by the consent of the first execution creditor,—*Held*, that such evidence should have been admitted, as tending to show a voluntary permissive transfer to another of money to which the first execution creditor was entitled, and therefore, amounting in equity to a payment.

4. Where one voluntarily gives a bond to a public officer, the condition of which is more onerous than the officer had a right to require, the obligor is, nevertheless, bound to the full extent of the condition.

[Slutter *v.* Kirkendall.]

April 13th 1882.    Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, TRUNKEY and STERRETT, JJ.    GREEN, J., absent.

ERROR to the Court of Common Pleas of *Luzerne county :*
Of July Term 1881, No. 100.

Feigned issue, wherein W. P. Kirkendall, sheriff, to the use
of W. D. Brown and E. F. Brown, doing business as W. D. &
E. F. Brown, was plaintiff, and Nautilus Slutter, Charles Kes-
sler and T. J. Campbell were defendants, to try the question of
the liability of the defendants upon a certain bond given by
defendants to said Kirkendall, sheriff, on which judgment had
been entered and opened.    The order awarding the issue di-
rected that the bond should stand as a declaration, and a plea
of payment to be entered on the part of the defendants.

On the trial before WOODWARD, J., it was agreed by coun-
sel that the issue should be tried, as upon a scire facias on the
bond, assigning breach thereof.    The facts were as follows :—

W. D. and E. F. Brown, having obtained a judgment against
Slutter, issued a fi. fa. thereon March 28th 1877, under which the
sheriff levied on certain mules and other personal property in
possession of Slutter.    On April 30th 1877, the Court granted a
rule to show cause why the said judgment, W. D. and E. F.
Brown *v.* Slutter, should not be opened and the defendant be
let into a defence—" all proceedings to be stayed—the sheriff to
be secure in his levy."    On the same day Slutter and the other
defendants executed and delivered to the sheriff a bond for $800,
reciting the said execution for " $400, and $5.05 costs ; " reciting
the levy on the said personal property (describing it); and, fur-
ther, that the said sheriff "has left the same in the possession of
the said Nautilus Slutter, upon condition, that the said Nautilus
Slutter shall deliver unto the said W. P. Kirkendall, Sheriff
aforesaid, the above mentioned goods and chattels, &c., on de-
mand, in the township of Buck, in the county aforesaid, which
are taken in execution at the suit of W. D. and E. F. Brown,
against Nautilus Slutter, or pay the amount of the said execution
with costs.

" The condition of this obligation is such, that if the above
bounden Nautilus Slutter, and Charles Kessler, T. J. Campbell,
their heirs, executors, administrators, or any of them, shall and
do well and truly deliver or cause to be delivered, the said goods
and chattels, &c., as aforesaid, or pay, or cause to be paid the
amount of the said execution, with costs, unto the said W. P.
Kirkendall, sheriff aforesaid, without fraud or further delay,
then this obligation to be void.    But if default shall be made in
the delivery of said goods and chattels, &c., or any part of them,
on the day, time and place hereinbefore mentioned and
appointed for delivery or payment thereof, then to be and
remain in full force and virtue ; and we do hereby confess judg-

[Slutter *v.* Kirkendall.]

ment for the above named sum, without stay of execution, waiving the three hundred dollars exemption law, waiving inquisition, with confession of condemnation and real estate."

Immediately after this bond was given the sheriff again levied on the same property under another execution then in his hands, upon a judgment for $163.75, in favor of W. L. Harvey. The sheriff sold said property, under the Harvey writ, on May 16th 1877 to the said W. D. and E. F. Brown, who took possession thereof, and the sheriff, on September 21st 1877, paid over the proceeds of said sale to Harvey, with the consent of, or without objection by the Browns. The sheriff then assigned said bond to W. D. and E. F. Brown.

On October 27th 1877, the rule granted April 30th 1877, to show cause why the Brown judgment should not be opened, &c., was discharged, " by the agreement of the parties;" and on October 28th 1877, judgment was entered on said bond in the sum of $800, and the court subsequently awarded this feigned issue.

Defendants' counsel offered the record and files, including the execution, in No. 996, November term 1876, W. L. Harvey *v.* Nautilus Slutter, being the same execution that the deputy sheriff, Eroth, had in his hands and spoke of in his examination when called by the plaintiffs. Offered for the purpose of showing that the sheriff himself seized and carried away, sold and delivered to W. D. & E. F. Brown the property mentioned in the receipting bond, or a portion of it; that the possession of the sheriff was obtained on Wednesday, 16th of May, 1877, at nine o'clock in the morning, upon the execution issued upon the judgment just referred to, No 996, Nov. T. 1876, W. L. Harvey *v.* Nautilus Slutter. Also for the purpose of showing that he retained the money derived from that sale in his hands until the 21st of September, following, 1877. This to be followed by evidence that the money was paid out by the sheriff, on this execution of W. L. Harvey by his attorney, by the consent of the Browns.

Objected to as immaterial.

THE COURT.—The court is unable to see how it is any defence to this bond that the property which it was given to secure was afterwards seized and sold on another execution, issued upon another judgment; because the delivery to the sheriff of the property on this latter execution is not the delivery contemplated, in the opinion of the court as a matter of law, when the bond was given. The risk of its being seized in this way was one of the risks assumed, in our judgment, by the sureties when they executed the bond. We think, therefore, that the evidence is incompetent. The objection is sustained, the evidence excluded, and at the request of defendants' counsel bill is sealed. (First assignment of error.)

[Slutter *v.* Kirkendall.]

The plaintiff presented the following point:

That the defendants by their undertaking in their bond to pay a definite and stipulated sum thereby liquidated and fixed the value of the property levied upon, whatever it may have been, as between them and the plaintiffs in the case.

Answer. We affirm this point. The value of the property so far as regards this case is the amount of the judgment. The liability on the bond is for that. (Second assignment of error.)

The defendants presented, inter alia, the following points. 2. That under the evidence in this case, the sureties, namely, Charles Kessler and P. J. Campbell, are discharged.

Answer. We decline to affirm that point. (Fourth assignment of error.)

4. That the delivery of the property mentioned in the bond to the obligee therein named was a compliance with the conditions thereof, and therefore there can be no recovery in this case.

Answer. We cannot affirm this point, because the delivery of the property mentioned in the bond to the obligee was not a delivery in pursuance of the obligation of the bond, but was a compulsory delivery by virtue of a sheriff's sale on another writ, issued upon another judgment. It is the duty of the court to construe the meaning of papers and contracts between parties, and we hold that the meaning of this bond was not that such a delivery as occurred in this case should satisfy its terms. We therefore refuse to affirm the point. (Fifth assignment of error.)

The court charged the jury, inter alia : " These being the facts, we instruct you as matter of law, that the contingency contemplated by the bond arose, and the liability on the part of the bondsmen accrued, when the property was seized and sold upon another execution, and its production under the first execution thus rendered impossible. The suit being upon the bond, the law being in our judgment as we have stated, nothing has been shown by these defendants which will relieve them from liability under the bond. They are therefore liable for the amount of the debt in the judgment of Messrs. Brown against Nautilus Slutter, that being the condition of the bond." (Sixth assignment of error.)

" Under the views which the court has explained to you of the law of the case, it will be your duty to find for the amount of the original claim, with interest added, in favor of the plaintiff." (Seventh assignment of error.)

Verdict and judgment for the plaintiff, for $526.65, and judgment thereon, whereupon the defendants took this writ of error, assigning for error the rejection of their offer of evi-

[Slutter v. Kirkendall.]

dence, the answers to plaintiff's and defendants' points, and the portion of the charge above quoted.

*C. D. Foster* and *W. E. & C. A. Little*, for the plaintiffs in error.—The condition of the bond was that the sheriff should get the property : he got it, and the condition was thereby fulfilled. If he put it or its proceeds to another use than that contemplated in the bond, he is estopped from bringing suit on the bond as legal plaintiff, and his assignees stand in no better position. The sureties at least were discharged. It is said that he did not get the property on the Brown execution. But that was the first lien ; the rule to open the Brown judgment and the taking of the bond did not affect its lien : Hastings *v.* Quigley, 2 Clark 431 ; Sedgwick's Appeal, 7 W. & S. 260, 263. The Brown's execution was entitled to the proceeds of the sale prior to the Harvey execution, yet the court directed a verdict on the bond for plaintiff. If the property remained subject to other process after taking such a bond, a subsequent levy would always produce a forfeiture of the bond. This the law will not suffer : Hastings *v.* Quigley, supra ; Hagan *v.* Lucas, 10 Peters 400.

*T. B. Lewis* (*G. L. Halsey* with him), for defendant in error.—The terms of the bond were voluntarily entered into by the obligors, and they are bound thereby. The subsequent levy on the goods under an execution did not satisfy the condition of the bond : Coar *v.* Green, 5 Luz. Leg. Reg. 77 ; Lantz *v.* Worthington, 4 Barr 153 ; Case *v.* Johnson, 7 Harris 174 ; Uniontown B. & L. Asso's. Appeal, 11 Norris 200.

Mr. Justice Mercur delivered the opinion of the court, October 2d 1882.

This suit was on a bond executed under the following circumstances. A fi. fa. in favor of the Browns against Slutter was put in the hands of the sheriff the latter part of March ; a second fi. fa. against the same defendant in favor of Harvey was put in hands the fore part of April. Both executions were returnable on the second Monday of May then next. On the 30th of April, with both executions in his hands, the sheriff made a levy on the execution in favor of the Browns upon personal property. Afterwards on the same day the court granted a rule to show cause why the judgment in favor of the Browns should not be opened and the defendant let into a defence ; at the same time ordering " all proceedings to be stayed—sheriff to be secure in his levy."

The sheriff proceeded no further on this execution, and

suffered the property levied on to remain in the possession of the defendant. Some few days thereafter, the precise time is not shown, the bond in suit was executed by the plaintiffs in error. The execution in favor of Harvey was also levied on the same property: but at what time the evidence fails to disclose. It is alleged and not denied to have been on the same day the bond was given. On the 16th May the property was sold by the sheriff on the execution of Harvey and purchased by the Browns.

The first specification of error is to the rejection of evidence offered to prove, inter alia, that the sheriff obtained possession of the property on the execution of Harvey, on the morning of the sale; that he retained the money produced by the sale until September following; to be followed by evidence that by consent of the Browns he paid the money on the execution in favor of Harvey.

The relevancy of this evidence depends on whether the lien of the levy on the execution of the Browns was divested by the order staying the writ, and the taking of the bond by the sheriff.

If the plaintiffs in the execution had voluntarily agreed to a stay thereof beyond the return day of the writ, their lien would have been postponed to that of a subsequent execution creditor guilty of no laches. This stay, however, was not by act of the plaintiffs in the execution. It was by the court. The order of the latter clearly does not show any intention to disturb the lien of the levy; but on the contrary to continue it, and make it secure.

It is claimed inasmuch as the sheriff took a bond with sureties for the forthcoming of the property or the payment of the execution, that this operated as a discharge of the lien, and the second execution thereupon acquired a preferred right to the proceeds of the sale. We cannot consent to this conclusion. In the language of the court, the purpose of the bond was to make the sheriff "secure in his levy." It was not to divest or destroy the lien, but to make it firm and steadfast.

In Sedgwick's Appeal, 7 W. & S. 260, it was held that an execution stayed under the Act of 16th July 1842, did not lose its lien upon the personal property levied on. We see no sound reason for holding the effect on the lien to be different when the fi. fa. be stayed by virtue of the command of a statute, than when stayed by virtue of the common law powers vested in the court. In either case security is given for the forthcoming of the property: but it is not withdrawn from the custody of the law. Unless there be unreasonable delay in reclaiming the same it is as free from the reach of other processes as if it had remained continuously in the hands of the sheriff: Hagan *v.*

[City of Wilkes-Barre's Appeal.]

Lucas, 10 Peters 400.  When the injunction staying the writ be removed, the property can be sold without a new levy thereon.

This property was sold in less than three weeks after the execution in favor of the Browns was ordered to be stayed. There had been no unreasonable delay in reclaiming it on that execution.  When the bond was executed, it declared the property to be in the possession of the defendant in the execution. It was pertinent to prove it so remained, until the day of sale. This was after the return day of each fi. fa.  The lien of the execution first in time was no more lost than the lien of the later one.

The plaintiffs in the first execution were purchasers at the sale.  They had full knowledge of the sum produced thereby, and it must be assumed they knew their right thereto.  If they omitted to assert that right, and consented that the money be applied on the later execution, it was the voluntary transfer to another of money to which they were entitled.  In equity, it must operate as a payment to them of that amount.  The first and seventh assignments are sustained.

It may be conceded that the alternative obligation of the bond is greater than the sheriff had a right to require.  An obligation to deliver the property when legally demanded, or to pay the value thereof, would have answered the just requirements of the law.  The obligors appear to have voluntarily assumed a stronger obligation, and they are bound thereby.  It is very probable that the value of the property levied on was admitted to be fully equal to the amount of the execution, and, therefore, the alternative agreement to pay the amount of the execution with costs, was considered of no practical importance. Be that as it may, no cause is shown why the obligors shall not be held to a fulfillment of the obligation which they assumed: People v. Reeder, 25 N. Y. 302; Burrall v. Acker, 23 Wend. 606.  The remaining assignments are, therefore, not sustained.

Judgment reversed, and a venire facias de novo awarded.