## Commonwealth *v.* Keenan, Appellant.

*Bond—Trespass—Capias—Confession of judgment.*

Where a bond given to the commonwealth in an action of trespass commenced by capias ad respondendum is in the form prescribed by the statute, the mere voluntary addition of a confession of judgment with a waiver of exemption, stay of execution and inquisition, will not invalidate the bond nor will such provisions be treated as nullities.

Argued April 12, 1910.  Appeal, No. 108, Jan. T., 1910, by defendants, from order of C. P. Luzerne Co., March T., 1909, No. 117, discharging rule to strike off judgment in case of Commonwealth to use of Fritz Holznagel v. W. J. Keenan et al.  Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.  Affirmed.

Rule to strike off judgment.
The opinion of the Supreme Court states the case.

*Error assigned* was order discharging rule to strike off judgment.

*S. S. Herring,* with him *John T. Lenahan,* for appellants.

*Thomas D. Shea,* with him *James K. Gearhart,* for appellee.

PER CURIAM, May 16, 1910:

This appeal is from an order discharging a rule to strike off a judgment entered by confession, on a bond to the commonwealth given in an action of trespass commenced by a capias ad respondendum. The condition of the bond was that prescribed by the act of assembly, but in addition there was a confession of judgment with a waiver of exemption, stay of execution and inquisition. The contention of the defendants is that this addition

invalidated the bond or at least should be treated as surplusage and a nullity and that the judgment entered is void.

A person under arrest on a capias is entitled to his discharge upon complying with the statute. The giving of a bond is compulsory and no condition can be exacted in excess of the requirement of the statute. None was exacted in this case. The bond was regular and in proper form and its condition was in exact compliance with the act of assembly. The confession of judgment and the accompanying waivers were voluntarily given. They added nothing to the obligation of the bond but merely facilitated its enforcement. In speaking of a replevin bond that contained a warrant of attorney to confess judgment, it was said in the opinion in Clark v. Morss, 142 Pa. 311, "There is no statute or rule of public policy which prohibits a sheriff from accepting such a bond, if it is voluntarily tendered to him by the plaintiff in the replevin. The warrant to confess judgment affects the remedy on the bond, but the liability of the obligors is measured by its lawful conditions."

The order is affirmed at the cost of the appellant.