# Commonwealth to use *v.* Gould, Appellant.

*Principal and surety—Appeal bond in ejectment—Courts—Jurisdiction.*

1. Where a judgment in ejectment of one of the courts of common pleas of Philadelphia county has been affirmed in favor of the plaintiff, and the plaintiff subsequently brings an action of assumpsit upon the appeal bond in another of the courts of common pleas of Philadelphia county, and such court has maintained its jurisdiction and refused to transfer the case to the court in which the ejectment was brought, such order will not be reversed by the Supreme Court, especially when the appellant has not printed the rules of the court below and when it is impossible to see that the appellant was prejudiced in any way by the suit being brought in one court rather than the other.

*Principal and surety—Ejectment—Appeal bond—Mesne profits.*

2. Where in an action of ejectment a judgment is rendered against the defendant, and the latter takes an appeal in which he files a bond by which he and his surety undertake to pay "all mesne profits accruing after judgment," the plaintiff in the ejectment after the affirmance of the judgment may bring a suit upon the bond and recover mesne profits accruing after judgment without previously bringing a suit in trespass to liquidate the amount of the mesne profits.

3. An appeal bond filed on an appeal from a judgment in ejectment by which the defendant and his surety undertake to "pay all mesne profits accruing after judgment," is in substantial accord with the provisions of the appeals Act of May 19, 1897, sec. 5, P. L. 67; and even if the bond were broader than the provisions of the act, a defense to it cannot be successfully maintained, if no question is raised that it was voluntarily executed and delivered, and that it was a direct undertaking on the part of the signers thereof to pay the mesne profits accruing after the judgment in ejectment upon the affirmance of that judgment.

4. Where the conditions in a bond differ from those of the act of assembly authorizing it, and this difference merely facilitates the enforcement of liability in accordance with law, the bond will be enforced according to its terms.

*Principal and surety—Appeal bond—Party plaintiff.*

5. An action on an appeal bond in ejectment cannot be defeated because the plaintiff in the ejectment had not joined with himself in the suit on the bond, as a party plaintiff, a person to whom he had conveyed a half interest in the real estate in dispute after the ejectment

had been brought. In such a case even after verdict and judgment, and even in the appellate court, the record may be amended by bringing the name of such person thereon.

*Ejectment—Mesne profits—Measure of damages—Rent—Set-off.*

6. In an action on an appeal bond to recover mesne profits accruing after a judgment in ejectment, the rent received by the defendant after such judgment, is the proper measure of damages. In such a case where the bond provides for the payment of all mesne profits accruing after judgment, the defendants are entitled to set off taxes, water rent, etc., which the defendant in the ejectment had paid after the judgment was entered, but he has no right to set off payment for taxes and water rent which he had paid prior to the entry of the judgment.

7. The defendant in an ejectment in a subsequent action against him to recover mesne profits cannot claim to have taken into account an enhancement of rental value due to improvements which he has made, where it appears that he took title with notice of the fraudulent nature of the grantor's title, and that all of the improvements had been made after the institution of the action of ejectment against him; nor can he set off money he paid for the title against the true owner's claim for mesne profits.

Argued Oct. 11, 1911. Appeal, No. 137, Oct. T., 1911, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1909, No. 4,440, on verdict for plaintiff in case of Commonwealth to use of Harry L. Randall v. Isador M. Gould and The National Surety Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on an appeal bond. Before BRÉGY, P. J.

In addition to the facts stated in the opinion of the Superior Court it appeared that on October 2, 1906, Randall conveyed an undivided half part of the premises involved in the ejectment to Brinah Rheinstrom. On October 17, 1908, Randall recovered a verdict in the ejectment, upon which judgment was entered on December 3, 1908.

Verdict and judgment for plaintiff for $771.14. Defendant appealed.

*Errors assigned* were (1–27) various rulings on evidence and instructions, which sufficiently appear by the opinion of the Superior Court.

*John G. Kaufman,* with him *B. I. DeYoung* and *V. Gilpin Robinson,* for appellants.—Randall's action is not in the proper court: Wahl v. Wanamaker, 8 W. N. C. 306; Lukens v. Bryson, 9 W. N. C. 540; Given v. Johnston, 16 W. N. C. 424; Smith v. Ramsay, 6 S. & R. 573; Wolff v. Copperfield, 37 Pa. C. C. Rep. 684.

The amount of mesne profits must be liquidated by a suit in trespass and cannot be liquidated in a suit in assumpsit on the bond entered sur appeal from the judgment for the plaintiff in ejectment: Warren v. Steer, 118 Pa. 529; Johnson v. Hessel, 134 Pa. 315; Bard v. Nevin, 9 Watts, 328; McCready v. Guardians of the Poor, 9 S. & R. 94; Craft v. Yeaney, 66 Pa. 210; Osbourn v. Osbourn, 11 S. & R. 55; Critchfield v. Humbert, 39 Pa. 427; Lazarus v. Morris, 17 Pa. Dist. Rep. 804; Brandmeier v. Pond Creek Coal Co., 229 Pa. 280.

Randall alone cannot sue and recover the whole of the mesne profits: Bennett v. Hethington, 16 S. & R. 193; R. R. Co. v. Bucher, 7 Watts, 33; Phila. & Reading Coal & Iron Co. v. Schada, 11 W. N. C. 20.

The court submitted the wrong measure of damages to the consideration of the jury: Muthersbaugh v. McCabe, 22 Pa. Superior Ct. 587; Morrison v. Robinson, 31 Pa. 456

*Stanley Folz,* with him *Leon H. Folz,* for appellee.—The common pleas No. 1 had jurisdiction: Ridley v. McKinley Mut. Beneficial Society, 45 Pa. Superior Ct. 511.

The present action was properly brought directly upon the appeal bond, and no precedent action in trespass was required before suing upon that bond: Brandmeier v. Coal Co., 229 Pa. 280; Hazle Twp. v. Markle, 175 Pa. 405; Com. v. Yeisley, 6 Pa. Superior Ct. 273; Winchester v. Rich, 40 Pa. Superior Ct. 46; Gleeson's Est., 192 Pa. 279; Com.

v. Keenan, 228 Pa. 276; Clark v. Morss, 142 Pa. 311; Hershey v. McLaughlin, 17 Pa. Superior Ct. 87; Clement v. Courtright, 9 Pa. Superior Ct. 45; Slutter v. Kirkendall, 100 Pa. 307.

The action was properly brought by Randall as the only use plaintiff: Memphis, Clarksville & Louisville Railroad Company v. Wilcox, 48 Pa. 161; Saunders v. Gould, 134 Pa. 445; Gotshall v. Langdon, 16 Pa. Superior Ct. 158; Com. v. Mahon, 12 Pa. Superior Ct. 616; Com. v. Singer, 31 Pa. Superior Ct. 597.

The rent received by Gould was the correct measure of damages: Hanna v. Phillips, 1 Grant, 253; Muthersbaugh v. McCabe, 22 Pa. Superior Ct. 587; Morrison v. Robinson, 31 Pa. 456; Gleeson's Est., 192 Pa. 279.

OPINION BY MORRISON, J., March 1, 1912:

This is an action of assumpsit against Isador M. Gould and his surety, the National Surety Company, on a certain appeal bond of which the following is a correct copy:

"Harry L. Randal       C. P. No. 2
        v.             June Term, 1906.
Isador M. Gould        No. 3475.

"Appellant having appealed from the judgment of the Court of Common Pleas No. 2, of the County of Philadelphia, entered 18th day of December, A. D. 1908, to the Supreme Court, comes into Court with National Surety Company, his sureties, and they acknowledge themselves bound and indebted to the Commonwealth of Pennsylvania, for the use of Harry L. Randal, in the sum of five thousand dollars ($5000) to be levied of their property, real and personal, to be paid said obligee, his certain attorney or assigns.

"Upon this condition, that if the said appellant shall prosecute the appeal with effect and abide the order or decree of the Appellate Court, and pay all costs and damages awarded by the Appellate Court, or legally chargeable against said appellant, and pay all damages

for injuries suffered by appellees from the time of the decree entered and all mesne profits accruing after judgment, then the above obligation to be void, or else to remain in full force and virtue.

"ISADOR M. GOULD          (SEAL)
"NATIONAL SURETY Co.    (SEAL)
           by Thomas B. Smith,
"Attest: Delmah L. Harris        (SEAL) Res. Vice Pres.
           Res. Asst. Sec."

The facts upon which the present suit was founded are as follows: Upon July 27, 1906, Harry L. Randal, above-named use plaintiff, began an action in ejectment against said Isador M. Gould in common pleas No. 2 of Philadelphia county, to recover from the defendant who was then in possession thereof, possession of real estate No. 247 S. 2d street, title to which was in the said Harry L. Randal. The said ejectment suit was so proceeded with that it came on for trial before a jury on October 13, 1908, and upon October 17, 1908, the jury returned a verdict for the plaintiff, upon which verdict, on December 3, 1908, judgment was entered in favor of the plaintiff, thereby affirming the plaintiff's title to said property and giving him the right of possession thereof as against the said Isador M. Gould. From the said judgment in the ejectment case the said Isador M. Gould, on December 18, 1908, took an appeal to the Supreme Court and upon December 22, 1908, entered bail or security by executing and delivering the appeal bond, a copy of which appears above. The said appeal bond was duly executed by the defendants in this action and duly delivered. The said appeal was so proceeded with in the Supreme Court that the judgment of common pleas No. 2, in favor of the plaintiff, was on May 20, 1909, affirmed by the Supreme Court, and thereafter the record in the case was returned to the court of common pleas No. 2.

The defendant, Isador M. Gould, who was in possession of the aforesaid property, No. 247 S. 2d street, at the time

of the institution of the above-mentioned action of eject-
ment remained in possession of the said property through-
out the pendency of the above-mentioned action of eject-
ment and after judgment thereon was entered in favor of
the plaintiff on December 3, 1908, and throughout the
pendency of the appeal in the Supreme Court, after the
return of the record therein to the court of common
pleas and until July 8, 1909, on which date the said
Harry L. Randal obtained possession of the said premises.
Under the terms and conditions of the aforesaid appeal
bond, the obligors therein, the defendants in this action,
bound themselves to pay to the obligee "all mesne profits
accruing after judgment." The recovery in this case was
for such mesne profits from December 3, 1908, until July 8,
1909, and the recovery was for the rent which the defend-
ant, Isador M. Gould, received for the use of said premises
during that period of time. The defendants being dissatis-
fied with said judgment appealed to this court. This is
the second appeal in the case, it having been before us
before on appeal by plaintiff from the refusal of the court
below to grant judgment for want of a sufficient affidavit
of defense: Com. v. Gould, 43 Pa. Superior Ct. 317. In that
appeal we did not consider the plaintiff's right to judgment
so clear that we felt called upon to reverse the court be-
low and, therefore, the appeal was dismissed without prej-
udice, etc., and the case allowed to go to a jury trial. But
now, on consideration of the present appeal and the able
arguments of the respective counsel, we regard the plain-
tiff's right to recover so plain that we are much inclined
to affirm the judgment on the opinion of the learned
court below.

We find in the record twenty-seven assignments of error,
but the elaborate argument of the appellants' learned
counsel does not convince us that the record discloses re-
versible error. We feel constrained to say that it is hardly
profitable, in so plain a case as the one at bar, to incumber
the record with twenty-seven assignments of error. How-
ever, it sometimes seems that when a case is plain and is

well tried in the court below that these facts lead to assignments of error to almost every step taken by the court during the trial. The learned counsel for appellants have presented their argument, on these assignments of error, under propositions (A), (B), (C) and (D), and we will attempt to reply to them in that order.

1 (A). "Randal's action is not in the proper court." We discover no merit at all in this contention. The action is a separate and independent one on an appeal bond duly executed and delivered and although it was given in a suit tried in common pleas No. 2 of Philadelphia county, we are without doubt that common pleas No. 1 of that county had jurisdiction of the subject-matter of the suit. As we understand the record that question was first raised in this court on the first appeal (43 Pa. Superior Ct. 317) and when the record of that appeal went back to the common pleas the plaintiff's counsel asked that the case be transferred to common pleas No. 2, but the lower court interpreted its own rules and held that it (common pleas No. 1) had jurisdiction, and its construction of its own rules will not be reversed by this court, especially when the appellant has not printed said rules, and when it is impossible to see that the appellants were in any way prejudiced by the suit being brought and carried to judgment in common pleas No. 1 instead of in common pleas No. 2: Ridley v. McKinley, Mut. Beneficial Society, 45 Pa. Superior Ct. 511.

2 (B). "The amount of mesne profits must be liquidated by a suit in trespass and cannot be liquidated in a suit in assumpsit on the bond entered sur appeal from the judgment for the plaintiff in ejectment." It cannot be questioned that after an action of ejectment a plaintiff who seeks to recover mesne profits against the defendant in the ejectment must sue for such mesne profits in trespass: Brandmeier v. Pond Creek Coal Co., 229 Pa. 280. But the present case is not an action against the defendant in ejectment to recover mesne profits, but it is an action upon an appeal bond against the defendant and his surety

upon the bond. Before the procedure act of 1887 the action would have been in debt: Given v. Johnston, 16 W. N. C. 424. But since the passage of the act the proper action is in assumpsit. It is nothing but an action of assumpsit based upon an express contract, the appeal bond, wherein the appellants undertake to pay "all mesne profits accruing after judgment." The bond was entered under the appeals Act of May 19, 1897, P. L. 67; sec. 5 of that act provides: "Bail upon any appeal shall be entered in the court from which the appeal is taken, shall be in the name of the commonwealth to the use of all parties interested, and shall be sued upon in like manner as official bonds." Actions upon official bonds are in assumpsit: Hazle Twp. v. Markle, 175 Pa. 405; Com. v. Yeisley, 6 Pa. Superior Ct. 273. It seems to us too clear to require argument that the action in the present case lay directly upon the appeal bond and no precedent action in trespass to liquidate damages was required before suing upon that bond. By its very plain terms the bond authorizes a suit thereon against the defendant in the ejectment and his surety upon the bond to recover mesne profits in that action. In so providing, the bond is in substantial accord with the provisions of the appeals act of May 19, 1897, supra. But suppose the bond to be broader than the provisions of the appeals act. No question is raised that it was voluntarily executed and delivered and that it was a direct undertaking on the part of the signers thereof to pay the mesne profits accruing after the judgment in ejectment, upon the affirmance of that judgment. The said appeals act, in sec. 10, provides that the appellant, "Will pay whatever mesne profits, accruing after the judgment shall thereafter be recovered against him, and all costs and damages awarded by the appellate court or legally chargeable against him." It may be contended that this language is not very clear, but it has never been held that verbal identity between the language of the act and the language of the bond is required. It is sufficient that the bond be in substantial accord with the meaning

of the act, for in such cases the law looks to the substance rather than to the form. In Winchester v. Rich, 40 Pa. Superior Ct. 46, the court speaking through PORTER, J. (p. 50), said: "The recognizance is not in the precise words indicated either by the Act of April 9, 1872, P. L. 47, or the Act of April 20, 1876, P. L. 43. But it is in substantial accord with both of those statutes. In such matters the law looks to the substance rather than to the form: Seiden- striker v. Buffum, 14 Pa. 158; Murray v. Haslett, 19 Pa. 356; Ingham v. Tracy, 5 Watts, 333." Prior to the appeals act of 1897 the surety upon an appeal in an action of eject- ment was not liable for mesne profits accruing after judg- ment: Warren et al. v. Steer, 118 Pa. 529; Johnson v. Hes- sel, 134 Pa. 315, and the other cases cited upon this point by the appellants were all cases where bonds entered upon appeal from judgments in ejectment were entered under the provisions of the Act of June 16, 1836, P. L. 755, sec. 7, and were conditioned merely for the payment of debt, interest and costs accruing upon the writ of error. The Supreme Court held in those decisions that the condition of the appeal bond entered under the act of 1836 did not impose liability for mesne profits, and that no action lay upon the appeal bond to recover mesne profits. But those decisions were based on the limited provisions of the act of 1836 and they do not touch the question of the liability of a defendant and his surety on a bond like the one in suit given under the provisions of the Act of May 19, 1897, P. L. 67. Where the terms of the appeal bond are broad enough to impose liability for the use and occupation of the property pending the appeal it cannot be doubted that our courts will en- force that liability by direct action on the appeal bond. This was done in Gleeson's Est., 192 Pa. 279.

The appeal bond entered in the present case imposes direct liability upon the defendants for mesne profits in an action instituted directly upon the appeal bond and in our opinion this bond is in substantial accord with the appeals act of 1897 and we can discover no irregularity or illegality in bringing the action directly upon the bond for the re-

covery of the mesne profits accruing after the recovery of
the judgment appealed from and until the plaintiff recov-
ered possession of the premises.   We are of the opinion
that the bond is no broader and no more onerous than the
provisions of the act of assembly and therefore it hardly
seems necessary to cite authorities in support of the prop-
osition that even if the bond is broader than the act of
1897 requires, yet it may be enforced according to its
terms.   Where the conditions in a bond differ from those
of the act of assembly authorizing it and this difference
merely facilitates the enforcement of liability in accordance
with law, the bond will be enforced according to its terms:
Com. v. Keenan, 228 Pa. 276; Clark, to use, v. Morss et
al., 142 Pa. 311; Hershey v. McLaughlin, 17 Pa. Superior
Ct. 87; Com., to use, v. Singer, 31 Pa. Superior Ct. 597.   In
the latter case, speaking through Judge PORTER, we held:
"The bond in question was voluntarily given for a lawful
purpose, and it was not against any statutory prohibition;
it may therefore be enforced according to its terms, even
though not in the form required by the statute: Franklin,
for use of the Com., v. Hammond, 45 Pa. 507; Com. v.
Clipsham, 16 Pa. Superior Ct. 50.   The liability of the de-
fendants upon this bond for the school taxes in question is
too clear for discussion; the only question is as to the form
of the action for their recovery."   The bond in the present
case was given in compliance with the appeals act of 1897
and even if its conditions were more onerous than those
fixed by that act they are enforceable in accordance with
their terms despite the excess: Com. v. Clipsham, 16 Pa.
Superior Ct. 50; Bowditch v. Gourley, 24 Pa. Superior Ct.
342; Phila., to use, v. Nichols Co., 214 Pa. 265; Phila., to
use, v. Fidelity & Deposit Co., 46 Pa. Superior Ct. 313.
In Clement v. Courtright, 9 Pa. Superior Ct. 45, the de-
fense to an action upon a bond given the sheriff was lack
of authority to exact such a bond, but this court held:
"There can be no question as to the validity of the bond.
Having been voluntarily given, for a lawful purpose, it
may be enforced according to its terms, even though the

sheriff had no right to require it: United States v. Hodson, 77 U. S. 395; Slutter v. Kirkendall, 100 Pa. 307; Clark v. Morss, 142 Pa. 311; Sullivan County v. Middendorf, 7 Pa. Superior Co. 71." In Slutter v. Kirkendall, 100 Pa. 307, it is stated in the syllabus: " Where one voluntarily gives a bond to a public officer, the condition of which is more onerous than the officer had a right to require, the obligor is, nevertheless, bound to the full extent of the condition."

3 (C). "Randal alone cannot sue and recover the whole of the mesne profits." This proposition may be briefly disposed of. The bond in question was given to the commonwealth for the use of Harry L. Randal alone and the suit was brought in the name of the commonwealth as legal plaintiff to his use and it does not lie in the mouths of these defendants to object because Brinah Rheinstrom was not also named as a use plaintiff. The recovery in the name of the commonwealth as legal plaintiff will amply protect the defendants from another suit on the bond, and if another party who might have been brought on the record as a use plaintiff sees fit to stand by and permit Harry L. Randal to recover the full amount of the judgment, that will not injure the defendants. In Memphis, etc., R. R. Co. v. Wilcox, 48 Pa. 161, it was said in the opinion of the Supreme Court (p. 168): "It was no defense against the plaintiff that there was an equitable assignment, and a use in favor of somebody. All the defendants had to do with was the legal party, who was the plaintiff." See also Ernst's Est., Hayes' App., 164 Pa. 87. But if it were necessary that Brinah Rheinstrom be joined as a use plaintiff it is not too late even after the verdict and judgment to amend the record by bring her name thereon. This is provided for by the act of assembly. In practice such amendments have frequently been allowed in the appellate court: Gotsehall v. Langdon & Co., 16 Pa. Superior Ct. 158; Com. v. Singer, 31 Pa. Superior Ct. 597.

4 (D). "The court submitted the wrong measure of damages to the consideration of the jury." In our opinion

the rent received by Gould after the judgment in eject-
ment was the correct measure of damages. An action for
mesne profits is an action to recover rents and profits of
land, and it has always been held that the rent received by
the defendants was a correct measure of damages. In
Hanna v. Phillips, 1 Grant, 253, it was held as stated in
the syllabus: "The damages recovered as mesne profits
must be limited by the annual rent or some other definite
standard; it is error to charge that the jury may give such
extra damages as they may think the particular circum-
stances of the case may demand:" Muthersbaugh v. Mc-
Cabe, 22 Pa. Superior Ct. 587. From the record we under-
stand that the present case was tried upon the theory
acquiesced in by the plaintiff and both the defendants that
the measure of damages was the rents actually received by
Gould, and, even if this was wrong, the defendant cannot
now complain because the court adopted a theory in which
the defendants not only acquiesced but which they even
adopted in the points they submitted for charge. The
points submitted by the defendants at the trial quite
clearly assumed that the measure of damages is the rents
the defendant Gould actually received.

It is true that the defendants contended at the trial,
and do here, that the value of certain improvements and
payments made by Gould were to be deducted from the
rents received by him. Under the terms of the appeal
bond we have seen that the plaintiff was entitled to re-
cover mesne profits for the period of time extending from
December 3, 1908, to July 8, 1909, and therefore the de-
fendants were not entitled to a deduction from the mesne
profits of payments made by Gould for any water rent,
elevator, etc., charges made prior to December 3, 1908,
and at the trial such payments made during the period
above mentioned were allowed. If this had been an action
to recover mesne profits for the whole time during which
Gould was in possession of the property, he would have
had the right to set off taxes, water rent, etc., paid by
him for the whole period of his occupation, but limited

as was the period of time for the rents and profits of which the plaintiff was entitled to recover, so limited is the defendants' right to set off taxes, water rents, etc. That this is equitable and just needs no argument because there was no recovery of mesne profits in this suit prior to December 3, 1908, and therefore for the time that Gould occupied the premises prior to that date he was not called upon in this suit to account for mesne profits.

The defendants also offered to show that by reason of various outlays made by Gould for improvements upon the property, the rental value thereof was increased, and that an allowance should be made as against the rental value from December 3, 1908, to July 8, 1909, for the improvements and repairs made prior to December, 1908, which enhanced the rental value of the property. There is no doubt that in an ordinary action to recover mesne profits a bona fide occupant, under a claim of title, who makes permanent and valuable improvements is entitled to have them taken into account in ascertaining whether the real owner has sustained any damage by reason of his occupancy of the property. But the occupant must be, to entitle him to such allowance, a bona fide occupant as in Muthersbaugh v. McCabe, 22 Pa. Superior Ct. 587. The rule in such cases is well stated in Morrison v. Robinson, 31 Pa. 456. In Gleeson's Est., 192 Pa. 279, the Supreme Court in an opinion by Mr. Justice GREEN discusses the authorities and enforces the rule that where repairs are made by an occupant after notice of a defect in his title, or after an action of ejectment has been instituted against him to try title, he cannot claim an allowance by reason of these improvements as against a subsequent claim for mesne profits. In 10 Am. & Eng. Ency. of Law (2d ed.), 544, it is said: "But it is only a bona fide occupant of land who is allowed to offset or recover for his improvements. The allowance or claim is made on equitable grounds, and it would be plainly inequitable to allow them to one who acted with notice of the true owner's rights. Notice, in this connection, does not mean positive and direct informa-

tion, but anything calculated to put a man of ordinary prudence on the alert."

In the present case it was finally and conclusively determined in the action of ejectment of Randal v. Gould, 225 Pa. 42, that Gould took title to the property with notice of the fraudulent nature of his grantor's title, and that the title was voidable as to Harry L. Randal. Furthermore, all the improvements and outlays made by Gould in respect of which he claimed an allowance as against the rents and profits for which recovery was sought, were made after July 27, 1906, which was the date on which the action of ejectment was instituted by Randal against Gould. It follows, therefore, under the authorities, that the court properly excluded all offers to show outlays for improvements and repairs made by Gould after the institution of the said action in ejectment against him by Randal on July 27, 1906. Particularly in view of the fact, which was determined in the ejectment case, that Gould had taken title with notice of the defects in it.

The defendants also vigorously contended to set off against the mesne profits interest which was paid by Gould upon mortgages which he had placed upon the property when he purchased it and he further claims a set-off because his grantor, Fisher, paid off a $1,500 mortgage out of the purchase money which Gould paid to Fisher for the property. It seems so self-evident that the defendant's claim as to this mortgage is without merit that we feel like passing it by without comment. It cannot be possible that one who has purchased a property with notice that his grantor's title was fraudulent can be allowed, when the property is recovered from him by the rightful owner, to set off money that he paid for the bad title against the true owner's claim for mesne profits. Subrogation is not to be accorded to one whose title to or interest in a property is worthless or unfounded by reason of his payment of valid incumbrances: McCleary's App., 20 W. N. C. 547; Campbell v. Foster Home Assn., 163 Pa. 609; to the same effect is Peters v. Florence, 38 Pa. 194. In the recent case of

Ohio River Junction Railroad Co. v. Pa. Co., 222 Pa. 573, the Supreme Court passed upon the very question that is now raised. That also was an action of ejectment. The Supreme Court there said: "For reimbursement for what it paid for a defective title the defendant must look to its grantor." We see no merit in Gould's claim by reason of his having paid interest on two mortgages which he placed on the property when he bought it from Fisher. They were the means by which Gould raised the purchase money of $6,100 which he paid for the bad title which he received from Fisher and interest on them presents no valid claim against the appellee.

The assignments of error are all dismissed and the judgment is affirmed.