## Guyer *et al. versus* Spotts.

85    51|
28 SC  373|

In an issue framed under the Sheriffs' Interpleader Act, to try the title to certain goods, the verdict and judgment were for the defendants. On an appeal to the Supreme Court the plaintiff and his sureties entered into a recognisance "to prosecute his writ of error with effect, or in default thereof to pay the costs and condemnation money, with the costs of the writ of error." The judgment was affirmed, and in an action on the recognisance, *Held* (reversing the court below), that the sureties were liable for the proper costs only and not for the value of the goods.

June 19th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Union county* : Of May Term 1877, No. 231.

Debt *sur* recognisance of bail in error by William Spotts, who survived David Henning, against Peter Guyer and Samuel S. Barber. The facts are fully stated in the opinion of this court.

A special plea was filed by defendants, which alleged "that plaintiff had no cause of action, on the ground that Jacob Dundore, defendant in execution, was, on April 29th 1868, declared bankrupt and had since procured his discharge."

The following points were presented by defendants, both of which the court (Junkin, P. J.) refused :—

1. That on the recognisance in evidence the defendants, in no event, can be made liable for more than costs.

2. The words "condemnation money" in the alleged recognisance do not make the defendants liable for the property in dispute.

[Guyer *v.* Spotts.]

The verdict was for the plaintiff for the value of the goods as assessed by the jury, and for the costs on the feigned issue and the writ of error, and judgment was entered thereon.

Defendant took this writ, assigning for error, among others, the refusal of the foregoing points.

*G. F. Miller & Sons* and *William Van Gezer*, for plaintiffs in error.

*Linn & Dill*, for defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, October 1st 1877.

This suit was on a recognisance entered into by the plaintiffs in error, on the purchase, by one Bogar, of a writ of error to a judgment against him, in favor of the defendant. That judgment was recovered in a feigned issue, framed under the Interpleader Act, to try the right of Bogar to certain goods and chattels, levied on by the defendant, as the property of Dundore. On the trial of the issue Bogar failed to establish his right to the property, and judgment was entered against him for costs. When Bogar took a writ of error to that judgment, the plaintiffs in error entered into this recognisance conditioned that he should " prosecute his writ of error with effect or in default thereof will pay the costs and condemnation money, with the costs of this writ of error." The judgment was affirmed.

What then became the liability of the sureties in the recognisance ? The legal effect of the judgment over the subject-matter therein, was not changed by the affirmance of the judgment. It was neither enlarged nor diminished. The only question involved in the issue, was whether the right of property in the goods and chattels was in Bogar at the time of the levy thereupon. He affirmed that right. The defendants denied it. This was the only issue presented. It was the only one tried. Neither party claimed to recover a judgment for the value of the property, nor for any sum of money. The one sought to establish a right of ownership to the property, the other to defeat that claim of right. No other verdict in favor of either party could have been rendered in the issue, but a general one, determining the right of property. The verdict having been against Bogar, the effect of the judgment thereon was to permit the goods and chattels levied on, to be sold as the property of Dundore and to give the defendants the right to execution against Bogar for costs. This was the only judgment against Bogar. The rulings in that case are all that were reviewed on his writ of error. The only condemnation to which the affirmance of the judgment subjected him was the payment of costs.

In order to stay execution by reason of the pendency of a writ of error the Act of 13th June 1836, Purd. Dig. 605, pl. 16, *inter*

[Guyer v. Spotts.]

*alia,* declares the recognisance given shall be with condition, if the judgment be affirmed, or the writ be discontinued or non-prossed, to pay the debt, damages and costs, as the case may be, adjudged or accruing upon such judgment and all other damages and costs that may be awarded upon such writ of error. The Act of 10th April 1849, Purd. Dig. 603, pl. 5, permits a writ of error to be taken in issues under the Interpleader Act "with the usual force and effect." It is contended that under these acts, the effect of the affirmance of the judgment was to make the sureties in the recognisance liable for such portions of the goods and chattels levied on as could not be found, when the defendants again moved to collect their execution ; that this was a portion of their damages for which the sureties are liable.

In this view we cannot concur. The design of the Act of 1836 is to obligate the sureties, for a writ of error, to pay and discharge the judgment only, in which the writ is taken, in case of a failure to reverse. The judgment may be for debt and costs, or for damages and costs, or for costs alone. The recognisance should be framed to suit it "as the case may be." If the judgment be for costs only, the payment thereof limits the liability of the sureties. In the issue in question the affirmation of the judgment was general. No special damages and costs were awarded. The costs on the writ of error superadded to the costs in the court below constituted the whole condemnation money adjudged to be paid.

The sheriff was not justified in withdrawing from the possession of the goods and chattels levied on, unless a bond, with sufficient security for their forthcoming when legally required, had been given to the defendants, and as the giving of this bond should precede the forming of the issue, we will presume it to have been done. If so executed and delivered, the remedy of the defendants is upon that bond, if the goods were not forthcoming. If they waived the giving of the bond, they cannot impose the loss they may have thereby sustained, on the sureties for a writ of error to the judgment entered in the issue. It therefore follows that the learned judge erred in not affirming the first and second points submitted by the defendants below, and the third and fourth assignments are sustained.

This view of the case substantially disposes of the other assignments. Dundore's discharge in bankruptcy could not discharge the plaintiffs from their liability as sureties for Bogar. There was no contract between them and Dundore to be affected.

Judgment reversed, and a *venire facias de novo* awarded.