# Commonwealth to use *v.* McNaught, Appellant.

*Execution—Sheriff's interpleader—Bond—Appeal.*

A bond in an appeal by a claimant from an order refusing an issue in a sheriff's interpleader proceeding, and conditioned to prosecute the appeal and pay costs and damages does not give the claimant the right to take possession of the goods. If, therefore, the sheriff sells the goods and the first execution creditor agrees that distribution of the proceeds of the sale shall be made to junior execution creditors, he cannot after the affirmance of the judgment on the appeal, proceed on the bond given by the claimant.

Argued April 12, 1905. Appeal, No. 166, April T., 1905, by D. R. McNaught, from order of C. P. No. 2, Allegheny Co., Jan. T., 1904, No. 425, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Bruce Horsuch v. D. R. McNaught and C. H. Harris. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. D. Hern*, for appellants.

*J. C. Sheriff*, with him *T. M. Henry*, for appellee.

OPINION BY PORTER, J., July 13, 1905:

This is an action on a bond entered into by the appellants, in an appeal by McNaught, the claimant of goods and chattels which had been levied on as the property of Fry, from an order of the common pleas discharging a rule for an issue, in an interpleader proceeding, and directing the sheriff to proceed with the sale of the property levied upon. The condition of the bond was, " that if the said appellant shall prosecute this appeal with effect, and pay all costs and damages awarded by the appellate court, or legally chargeable against him, then

this obligation to be void." The court below made absolute a rule for judgment for want of a sufficient affidavit of defense, and the defendants appeal.

The statement of the plaintiff averred : that by virtue of a fi. fa. No. 62, April Term, 1902, issued upon a judgment which he held against Fry, certain goods and chattels of the latter were levied upon by the sheriff ; the goods were claimed by McNaught and, on the petition of the sheriff, a rule to interplead was granted and served upon the parties ; two other writs of execution were afterwards issued against Fry, one at suit of Lloyd & Reno, and a second at suit of Bruce Horsuch, this appellee, upon a judgment other than that upon which the fi. fa. No. 62, April Term, 1902 was founded, and both were levied upon the property in question. After argument the court discharged the rule to interplead, refused to grant an issue, and directed the sheriff to proceed upon the writ. McNaught, on May 2, 1902, thereupon appealed from the order refusing an issue at the fi. fa. No. 62, April Term, 1902, and filed the bond upon which this action is brought. The sheriff, on May 7, 1902, presented his petition to the court, entitled in the fi. fa. No. 62, April Term, 1902, and reciting that writ and the other writs in his hands, the levies made thereunder, the discharge of the rule for an issue, and the appeal of McNaught, and stating that the petitioner was responsible for the forthcoming of the property, and that to keep it until the determination of the appeal would involve a large expense ; he prayed that he be permitted to make sale of the goods " and bring the proceeds into court, pending the determination of the said appeal." The court, on July 21, 1902, made an order granting the sheriff leave to sell the property and pay the proceeds into court as prayed for, " unless the claimant shall within five days from notice of this order, enter into bond with sufficient surety to cover the additional executions now in the sheriff's hands, upon which the property in dispute has been levied upon." McNaught did not file an additional bond, and the property was sold by the sheriff and the balance, after payment of costs, $201.57 was paid into court. " The Superior Court affirmed the decree of the court below and dismissed the appeal at appellants' costs. Whereupon an order of the court below was made distributing the said fund of $201$\frac{57}{100}$, in ac-

cordance with a schedule filed by agreement of the parties, to the plaintiff in the execution No. 63, May Term, 1902, and at said No. 12, July Term, 1902; by force of which distribution the entire debt and interest on the writ at No. 62, April Term, 1902, viz.: $123\frac{55}{100}$ remained unpaid." The statement then averred that the distribution so made, to the exclusion of the fi. fa. No. 62, April Term, 1902, was a proper one; and that under the condition of the bond, upon which this action is brought, the defendants were liable in such an amount as would discharge the debt, interest and costs upon the fi. fa. No. 62, April Term, 1902.

The affidavit of defense denied that the effect of the bond given in the appeal from the order discharging the rule for an issue, upon which this action is brought, was to deprive the plaintiff of the right to be first paid the amount represented by the fi. fa. No. 62, April Term, 1902, out of the proceeds of the sale of the property which had been paid into court. It specifically denied that either McNaught or Harris had agreed to the schedule of distribution " filed by agreement of the parties," under which the fund had been distributed to the executions other than that in which the appeal had been taken. It averred that the claim of the plaintiff, upon which this action is founded, had been paid by the sale of the property and the payment of the money into court.

The learned judge of the court below was of opinion that: " The appeal bond given May 2, 1902, took the place of the property, so far as the execution at No. 62, April Term, 1902 was concerned and the fund realized from the sale of the property was not applicable to that debt," and for that reason entered judgment for want of a sufficient affidavit of defense. We cannot assent to the proposition upon which the court based its action. The order appealed from was not a judgment or decree for the payment of money, in an appeal from which a bond conditioned as was this one might render a surety liable for the amount of the judgment or claim. We are not here dealing with a bond given under the provisions of the interpleader Act of May 26, 1897, P. L. 95, sec. 2, which, as against the execution creditor, vests the title to the goods in the claimant, but which he is only entitled to give after the rule for an issue has been made absolute. This is a bond given in

an appeal, the scope and purpose of which was limited to the review of the action of the court in refusing to grant an issue under which the claimant might try the question whether the right of property in the goods was in him at the time of the levy. The effect of a reversal of the order from which the claimant appealed would not have been to vest in him the title to or right to possession of the goods; it would only have been to reinstate and make absolute the rule for an issue, thus giving him the opportunity to try the question of his title, as was done in Book v. Sharpe, 189 Pa. 44. That a bond conditioned as was this one, in an appeal by a claimant from an order refusing an issue, can operate as a supersedeas, under the provisions of the Act of May 19, 1897, P. L. 67, may well be doubted, but that question it is not necessary to decide. Nor do we deem it necessary to decide whether under the provisions of the 12th section of that statute the courts have power, by general rule or special order, to authorize the filing of a bond which shall, in an appeal of this character, divest the lien of the execution and levy and, as against the execution creditor, vest the title to the property in the appellant. Nothing of that kind was done in this case. Assuming that the appeal and bond operated as a supersedeas, what was the effect? The design of the act of 1897, as was that of the act of 1836, is to obligate the sureties, for the appeal, to pay and discharge the judgment only, in which the writ is taken, in case of a failure to reverse. The judgment may be for debt and costs or for damages and costs, or for costs alone. The bond should be framed to suit the nature of the proceeding, the order or judgment appealed from and the judgment which the appellate court is authorized to enter. The order from which McNaught had appealed refused him an issue under which he might try his right to take the property as against the execution creditor, and its effect was to deprive him of any right of action against the sheriff in case the latter sold the property on the execution. If the appeal operated as a supersedeas, it did not give the claimant the right to take possession of the goods, but only suspended the determination of the questions of the right of the claimant to a trial of the issue and of the freedom of the sheriff from liability in case he sold upon the execution.

The sheriff would not have been justified in withdrawing from the possession of the goods and chattels levied on, unless a bond with sufficient security for their forthcoming, when legally required, had been given, and even had such bond been given the property would still have remained liable to the lien of the execution and levy: Commonwealth v. Contner, 18 Pa. 439; Bain v. Lyle, 68 Pa. 60; Riley v. Ogden, 185 Pa. 506. The legal effect of the order appealed from, over the subject-matter therein, was not changed by the affirmance of the judgment. It was neither enlarged nor diminished. The surety upon this bond had obligated himself to " pay all costs and damages awarded by the appellate court, or legally chargeable against him ; " the order appealed from did not require McNaught to pay any money or do any act, it simply denied him an issue. The affirmance of the judgment was general, no special damages were awarded ; the order was affirmed and the appeal dismissed at the costs of appellant; and the costs on the appeal superadded to the costs in the court below constitute the whole damages adjudged to be paid: Guyer v. Spotts, 85 Pa. 51.

We are of opinion that the goods remained during the pendency of the appeal subject to the lien of the levy. The goods having been sold and the money paid into court, the execution of the appellee, for the amount of which he now seeks to hold the surety, was entitled to priority in the distribution of the fund. The appellee in his statement avers that the distribution of the proceeds of the sale was made by an agreement of the parties, but the affidavit of defense specifically denies that these defendants were parties to any such agreement. We must therefore assume that the distribution made was made with the consent and acquiescence of the appellee, and his active acquiescence in procuring the distribution to be made must, as against these appellants, deprive him of any refuge behind the decree of the court. Having been active in inducing the court to distribute to another, money which ought to have been appropriated to this claim, he must, as against these appellants, be held to have been paid: Finney's Administrators v. Commonwealth, 1 P. & W. 240; Slutter v. Kirkendall, 100 Pa. 307.

The judgment is reversed with a procedendo.